[Civil No. 4007.   Filed November 21, 1938.]

[84 Pac. (2d) 450.]

WIN WYLIE, Appellant, v. FRANCES E. MOORE, Appellee.

Messrs, Hayes & Allee, for Appellant.

Mr. Terrence A. Carson and Mr. Albert W. Gurtler, for Appellee.

ROSS, J.—This is an appeal from a judgment for damages for personal injuries claimed to have been sustained by appellee in a fall while attempting to hang a curtain in defendant's hotel in Mesa, Arizona. The negligence charged was a failure on the part of the defendant Wylie to furnish plaintiff a stepladder for use in hanging the curtain. The amended complaint set out the cause of action in two ways: One for compensation under the workmen's compensation law, Revised Code 1928, section 1384 et seq., and the other for damages for negligence at common law. Because the evidence failed to show defendant had in his service three or more workmen or operatives regularly employed at the hotel under contract of hire as is required by the law (sec. 1418, Rev. Code 1928), the court

during the trial ruled out of the case the claim for compensation. The plaintiff has not appealed from that ruling and it has become final.

The defendant contends that the complaint fails to state a cause of action for negligence and also that the evidence fails to show he was guilty of any negligence. He demurred to the complaint as not stating facts sufficient to constitute a cause of action and moved for a directed verdict at the close of the case.

The allegations of the complaint are, in substance: That defendant's agent directed plaintiff to put up a curtain in a room of the hotel and directed her to stand upon a chair to do so; that to hang the curtain it was necessary to reach approximately nine feet above the floor; that it was the duty of defendant to furnish plaintiff a stepladder to do the work; that the use of a chair, or any other means than a stepladder, for such purpose was unsafe and dangerous and likely to cause plaintiff to fall and be injured; that the plaintiff was inexperienced and although defendant knew it he failed to warn her; that in her efforts to hang the curtain, she got upon a chair and as she stepped from the chair "onto the top of a nearby stove, in order to reach higher, she slipped and fell to the floor" sustaining injuries, etc.

The evidence, and we state it most favorably to plaintiff, is that she is 53 years old and was employed by defendant's manager, Mrs. Fannie E. Sheridan, on July 15, 1936, as a housemaid; that her duties were general housework, such as making beds, sweeping, washing bed linen, towels and windows and hanging curtains, etc.; that the afternoon of August 23, 1936, Mrs. Sheridan told plaintiff the windows in an apartment had to be washed and a curtain hung, and for her to wash the windows while Mrs. Sheridan was getting ready to go to Phoenix and hang the curtain later in the day as she had time. It appears that on a previous

occasion plaintiff had been directed to wash some windows and when she asked about a stepladder to stand on Mrs. Sheridan said ''Well, you stand on the chair.'' It was in the afternoon, and while the manager was in town, that plaintiff undertook to hang the curtain. She removed her shoes, got upon a chair and stepped from the chair onto the top of a small gas stove and as she did so the spider or spiders on the stove slipped and caused her to fall to the floor. The evidence as to whether defendant had for use at the hotel a stepladder was in conflict and the jury determined the issue in plaintiff's favor.

We consider first the sufficiency of the complaint. According to that pleading, the negligence consists in defendant's furnishing plaintiff a chair, and in directing her to stand on it, to hang a curtain, instead of furnishing her a ladder for that purpose, and in failing to instruct plaintiff, who was inexperienced, that the hanging of a window curtain was unsafe and dangerous and likely to cause her to fall and be injured.

We all know that to stand upon a chair to hang a curtain is not inherently dangerous but on the contrary is quite as safe as is the use of a ladder, and that it is a general custom to use a chair for that purpose. We gather from the complaint that it was not the use of the chair but the use of the stove to stand on that caused plaintiff to fall. If the chair was not perfectly safe and sound the complaint fails to allege wherein it was defective or how it caused the plaintiff to fall. The complaint alleges that as plaintiff stepped or attempted to step onto the stove from the chair she slipped causing her to fall. It is not shown that a defect in the chair was the cause of her slipping. It is not alleged that defendant furnished the stove as an appliance to be used by plaintiff in the hanging of the curtain, or that defendant directed its use or

knew or had reason to know or expect plaintiff would use it for that purpose.

The allegation as to defendant's failure to warn is not sufficient to show that it was his duty to warn. Such duty arises when the work or the machinery or appliance used in the work is complex, involved or intricate and the employee is inexperienced or of tender years. 39 C. J. 486, sec. 602, and p. 518, sec. 624. The hanging of a curtain is a very simple matter. It is not dangerous or unsafe in and of itself. A child knows, without being told, that if he falls from a chair, a ladder or a stove he is likely to be hurt.

The complaint shows plaintiff's injury was caused by her own negligence and the demurrer should have been sustained.

■ ■ Accepting the evidence at its full face value, the question is does it show the defendant guilty of any negligence. There is no question but that if defendant was subject to the terms of the workmen's compensation law, plaintiff made out a complete case for compensation, but as indicated above defendant was not subject to that law.

The evidence does not support the allegations of the complaint in all respects. There is no evidence to support the allegation that defendant's manager directed plaintiff to stand on a chair to hang the curtain. The evidence is that the plaintiff was simply told to wash the windows and to hang a curtain in a certain apartment. It was left to the plaintiff to select or determine the means or appliances to be used in doing so. The evidence further shows conclusively that the cause of the accident was the slipping of the loose spider or spiders on top of the stove when plaintiff stepped thereon, and not the use of the chair. The evidence also shows that if the defendant was guilty of negligence in failing to furnish the plaintiff with a stepladder to hang the curtain such negligence

was not the proximate cause of her injury but that the proximate cause was the slipping of the spider or spiders on the gas stove when she placed her weight thereon. Negligence is not actionable unless it is the proximate cause of the injury. 45 C. J. 901, sec. 478.

The court erred in refusing to instruct a verdict in favor of defendant at the close of the case.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded with directions to dismiss the complaint.

McALISTER, C. J., and LOCKWOOD, J., concur.