245 P.2d 420

**SCHMERFELD v. HENDRY et al.**
No. 5558.

Supreme Court of Arizona.
June 16, 1952.

W. E. Ferguson, of Holbrook, for appellant.

Struckmeyer & Struckmeyer, of Phoenix, and Guy Axline, of Holbrook, for appellees.

DE CONCINI, Justice.

This is an action by Walter T. Schmerfeld, the father and legal guardian of Theodore Schmerfeld, Jr., an infant, against A. C. Hendry and wife, owners of an automobile driven by their 16-year-old son Robert Hendry, also a named defendant. The action is one for damages for injury caused by the car striking the infant (hereafter referred to as the boy), who was 27 months of age.

The facts briefly are that Robert was driving the family car north on Williamson Street in Winslow, on May 25, 1950, about noon on a clear day. He was proceeding about 17 miles per hour and had just crossed Oak Street about 50 feet north of the curb line when the impact occurred. There were no eyewitnesses to the accident except Robert and his sister who were the only passengers in the car. Neither of them saw the boy until they were suddenly upon him. The rear of the front fender of the car struck the boy. It is the plaintiff's contention that Robert was negligent in not seeing the boy. It is the defendants' position that Robert was without fault because the boy stepped off the curb and ran into the side of the car. There were 20 witnesses called, 3 of whom were medical experts.

The jury returned a verdict in favor of defendants upon which a judgment was

rendered. Plaintiff appeals from the judgment and the court's refusal to grant a new trial. Plaintiff assigns eight errors of the trial court.

The first assignment is based on the affidavit of the mother, made and filed several weeks after the trial, that she overheard one of the jurors joking about the child carrying his little pillow at the trial; that the juror said, "I guess I had better bring my little pillow", and the juror had what appeared to be a laughing sneer on his face at the time.

■ Prejudice is not presumed. We fail to see any prejudice in the case because of the remark made. Furthermore no objection was made nor was it called to the court's attention at the time of trial, therefore it is waived. Northern Arizona Supply Co. v. Stinson, 73 Ariz. 109, 238 P. 2d 937; Southern Arizona Freight Lines, Ltd., v. Jackson, 48 Ariz. 509, 63 P.2d 193.

■ The second assignment is based on the misconduct of one of defendants' attorneys in his closing remarks to the jury. There is no record as to what the attorney said. However it appears by affidavit that he said, that if plaintiff's contentions are true, then this was a case for criminal action for reckless driving. Plaintiff made no objection to the statements at the time, which if made would have given the trial court the opportunity to instruct the jury to disregard the remarks. The general rule is that when no objection is made at the

time the remarks were uttered the error, if any, is waived. 3 Am.Jur., Appeal & Error, Sec. 377, p. 108, 4 C.J.S., Appeal & Error, § 297, p. 592.

This court has held:

"That remarks of this nature were highly improper and beyond the legitimate limits of argument cannot be questioned, and appellate courts have frequently reversed cases for just such misconduct. It is nevertheless true that the usual practice requires objection to be made *at the time,* and that the court be requested to admonish the jury to disregard the improper conduct or an appellate tribunal *will not consider it.*" (Citing cases). (Emphasis ours.)

"The presumption is that an admonition to the jury by the court will remove the effect of the improper remarks. Unless, therefore, it appears that the misconduct was of so serious a nature that no admonition or instrucions by the court could undo the damage, a failure to make timely objection is a waiver of error." (Citing cases). City of Prescott v. Sumid, 30 Ariz. 347, 247 P. 122, 125.

■ Plaintiff relies on Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 121 P.2d 412, as authority for his assignment that a new trial should have been granted, even though no timely objection was made. In the Sadler case the lower court granted a new trial because it held the remarks were

162

prejudicial. In the instant case the trial court denied a new trial because it held the remarks were not prejudicial. This court held, in Selaster v. Simmons, 39 Ariz. 432, 7 P.2d 258, 260, involving a similar situation:

" * * *. That court had the whole picture before it and was better qualified to pass on the question, and having done so, by denial of the motion for a new trial, we accept its decision and judgment."

■ Plaintiff's third assignment is that the trial court erred in not granting a new trial based on an affidavit of Marjorie Gentry, wife of witness Tonie Gentry, that she would testify to the location of their car which was somewhat in contradiction to what defendants' witness Sorenson said, when the latter testified she didn't see the Gentry car. The motion for a new trial was based on the proposition that had the Gentry car not been in the intersection as testified to by Tonie Gentry, husband of affiant, then Tonie Gentry would not have been able to see the events which he testified he saw after the accident occurred. Such proposed testimony of Mrs. Gentry would merely be cumulative as to Mr. Gentry's testimony and contrary to that of defendants' witness Sorenson. Furthermore it was immaterial whether the Gentry car was stopped in the intersection after the accident as testified to by Mr. Gentry, or whether it was further down the street.

Section 21–1301, A.C.A.1939, provides that a new trial may be granted as follows:

"4. Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial."

An examination of this assignment reveals that the evidence was not newly discovered nor was it material.

■ Plaintiff's fourth assignment is that the court erred in not allowing plaintiff to testify as to probable future damages. The medical testimony was that the boy should be observed for six months and, if he should develop calcified hemotoma (a growth) on his fractured skull, then an operation would be necessary. An examination of the record discloses no evidence of future medical expense, but just the bare estimate by plaintiff, the father of the boy. The court correctly disallowed the father's estimate or guess on the future medical expenses. Consolidated Arizona Smelting Co. v. Egich, 22 Ariz. 543, 199 P. 132. Furthermore, an assignment of error on this point is futile because the jury found no negligence on the part of the defendants, so there were no damages to consider.

■ Assignment 5 goes to a certain instruction of the trial court. Plaintiff made no objection to the instruction at the time it was given and cannot now be heard to complain. Therefore assignment 5 is without merit.

 Assignment 6 goes to defendants' instruction No. IV. Plaintiff objected to the last three lines of instruction IV, which read as follows:

" * * * a driver is not required to anticipate the sudden appearance of children in his pathway under ordinary circumstances",

on the grounds that "I don't believe that is a true statement of the law." The objection made was insufficient. Furthermore both instructions complained of are sound.

Assignment 7 goes to the overemphasis on the proposition of negligence in the court's instructions. An examination of the instructions reveals no overemphasis. The assignment is without merit.

 Assignment 8 is predicated on the proposition that the verdict and judgment are not justified by the evidence. We need only examine the record to see if there is any evidence to support the verdict. The preponderance and weight of the evidence is a matter for the jury and the trial court. In Lundberg v. Bolon, 67 Ariz. 259, 194 P. 2d 454, 459, this court said:

" 'This court is not the trier of the facts. It is of no moment that had we been the jury we might well have decided the other way. Assignments of error based upon the weight of evidence cannot be considered if there is any evidence to support the trial court's finding even though the weight of the evidence be against that finding. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169; Ruth v. Rhodes, 66 Ariz. 129, 185 P.2d 304, and cases cited therein.' "

An examination of the entire transcript of record was made. We find that the verdict is justified by the evidence.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.