285 P.2d 178

Oral W. TUCKER, d/b/a Oral W. Tucker Sales Agency, and Oral W. Tucker Sales Agency, Inc., a corporation, Appellants,

v.

Audrey Jean Spain COLLAR, Appellee.

No. 5948.

Supreme Court of Arizona.

June 14, 1955.

Allen & David, Tucson, for appellants.

Westover & Mansfield, Yuma, for appellee.

WINDES, Justice.

Audrey Jean Spain Collar, hereinafter referred to as plaintiff, filed complaint in the superior court of Yuma county charging Oral W. Tucker dba Oral W. Tucker Sales Agency, hereinafter designated as defendant, with negligence that resulted in the starting of a fire which destroyed plaintiff's building. Briefly, the acts alleged as constituting negligent conduct were that plaintiff leased her building to one Jones; that Jones purchased a box refrigerator and compressor from defendant; that the appliance failed to operate properly; that defendant installed a larger motor; that shortly thereafter the compressor froze thereby preventing the belt connecting the compressor with the motor from turning; that friction from the turning of the motor ignited the belt causing it to burn in two; that the agent of defendant sent to repair the box recommended a larger condenser; that the larger condenser was not installed notwithstanding that, to the knowledge of the defendant, the compressor froze two additional times and ignited the belt. Thereafter it froze for the fourth time and fire which was thus ignited spread to the building and caused its destruction. This in substance is the conduct which plaintiff alleges is negligent.

Evidence was submitted from which the jury might under proper instructions find the defendant's conduct as charged either was or was not negligent. Verdict was returned for the defendant. Plaintiff moved for a new trial. The court granted the motion upon the sole ground that the giving of defendant's requested instructions numbered 5 and 6, as follows, was erroneous:

"5. I further instruct you that the duty to exercise care arises from probabilities, rather than from bare possibilities of danger. Consequently, in order for the plaintiff to establish the liability of the defendant for harm, the plaintiff must show by a preponderance of the evidence that the alleged negligent conduct of the defendant was such that, acting as a reasonable and prudent man, the defendant should have recognized that his acts created an appreciable chance of causing the harm done, rather than a bare possibility thereof; and, failing therein, the plaintiff cannot recover in this action.

"6. I charge you that the defendant was required by law only to anticipate and foresee and guard against what usually happens or is likely to happen, but that he was not required to foresee and provide against that which is unusual and not likely to happen, or, in other words, that which is only remotely and slightly probable and that the proper test in cases of this kind is not whether the injurious result or conse-

quence was possible but whether it was likely to occur according to the usual experience of persons."

Plaintiff objected to the giving of instruction number five for the reason "that the correct statement of the law is that if an injury can be anticipated all proximate results of a negligent act creates liability." Plaintiff objected to the giving of instruction number six on the same ground and upon the ground that "what usually happens or is likely to happen is not what determines liability but whether an injury could be foreseen to the person or another person when the negligent act occurred."

 In determining the correctness of the instructions, we limit our decision to the points raised by the objections. Edwards v. Gaston, 75 Ariz. 131, 252 P.2d 786. Likewise, in determining the correctness of the trial court's ruling in granting the motion for new trial, we limit our decision to the ground upon which such ruling is based. City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609.

The instructions were intended and understood by court and counsel to be an attempt to announce the law as to the necessity of the defendant, when he committed the acts alleged to be negligent, to reasonably anticipate a risk of harm resulting therefrom. Instruction number five told the jury the defendant should have recognized (meaning anticipated) that his acts created an appreciable chance (meaning risk or danger) of causing *the harm done*. The ob-

jection in effect presents the point that defendant need not anticipate the particular harm that did occur but if he should have anticipated any harm or injury, he is negligent and liability is imposed whether he could anticipate the particular injury that did occur. Instruction number six told the jury in effect that in order for the defendant to be negligent, he must be able to anticipate, that the injurious consequences of his act was not merely possible but was likely to occur according to the usual experience of persons. The objection to this instruction presents the problem of whether, in determining if conduct is negligent, one must foresee probable injury not only to the plaintiff but also to another person.

 Negligent conduct is doing something that a reasonable person should realize involves an unreasonable risk of causing an invasion of an interest of another (damage to another) or failing to do something he is under a duty to do. Restatement, Torts, section 284. In a case of this character the duty to act arises from the risk of injury resulting from inaction. No particular objection being raised as to phraseology, we take the two instructions together as telling the jury in effect that before it may find the defendant to have been negligent, he should have realized that there was an unreasonable risk of the harm done to plaintiff through the instrumentality of fire. The able and conscientious trial judge believed this not to be the law, thinking that if the defendant could have reasonably realized a

risk of harm of any sort to anybody flowing from his conduct, liability must be imposed for the particular damage to plaintiff, which sprang from the risk of fire.

In coming to this conclusion the court felt bound by the pronouncements made in our cases of Crandall v. Consolidated Telephone, Telegraph & Electric Co., 14 Ariz. 322, 127 P. 994, and Mesa City v. Lesueur, 21 Ariz. 532, 190 P. 573, wherein there is language supporting this view. In the Crandall case, the defendant admitted negligence and endeavored to escape liability upon the ground that the chain of causation was broken by an independent act of a third person. In the Lesueur case, the defendant did not contend he was not negligent but sought to avoid liability upon the ground his negligence was not the proximate cause of the injury because of an independent act of a gopher causing an irrigation ditch to break. Both cases stand for the proposition that after negligence is established, one would not have to anticipate the proximate consequences thereof to impose liability. There was no occasion for any statement concerning the requisites of anticipation to establish negligence.

Much confusion has resulted from many courts disposing of cases upon the ground defendant's act was not the proximate cause of an injury when the proper basis was that there was no negligence. In the midst of this the New York Court of Appeals handed down the historic decision of Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 101, 59 A.L.R. 1253. That decision has prompted volumes concerning the principles announced by the majority. To mention only a few: "Foreseeability Factor in the Law of Torts", 7 Notre Dame Lawyer 468; "The Unforeseeable Consequences of a Negligent Act", 39 Yale Law Journal 449; "The Effect of Palsgraf Doctrine in Indiana", 29 Indiana Law Journal 622; "Palsgraf Revisited", 52 Michigan Law Review 1.

In those jurisdictions which have adopted the majority view as expressed by the late Judge Cardozo, the Palsgraf case has contributed much to the elimination of the confusion that theretofore resulted from consideration of the foreseeability rule in cases where the negligence was established and the liability was dependent only upon an application of the law governing proximate cause. As Judge Cardozo said therein:

"The law of causation, remote or proximate, is thus foreign to the case before us. The question of liability is always anterior to the question of the measure of the consequences that go with liability. If there is no tort to be redressed, there is no occasion to consider what damage might be recovered if there were a finding of a tort. We may assume, without deciding, that negligence, not at large or in the abstract, but in relation to the plaintiff, would entail liability for any and all consequences, however novel or extraordinary."

■ The decision establishes the principle that before liability may be imposed for an act, the prevision of a reasonable person must be able to recognize danger of harm to the plaintiff or one in plaintiff's situation. The risk which must be anticipated to convert an act into a wrong is a risk of harm not to anyone but to plaintiff or "to another or others within the range of apprehension." Palsgraf v. Long Island R. Co., supra.

■ The statements unnecessarily made by this court in the Crandall and Lesueur cases, above, are in harmony with Judge Andrews' dissent in the Palsgraf case but not in harmony with the majority. The majority view as expressed by Judge Cardozo, after much debate, was embodied in the Restatement of the Law on Torts, ("Palsgraf Revisited", 52 Michigan Law Review, supra), and has been adopted by this court. West v. Cruz, 75 Ariz. 13, 251 P.2d 311; Crouse v. Wilbur-Ellis Co., 77 Ariz. 359, 272 P.2d 352. The learned and careful trial judge in giving reasons for granting a new trial believed he should have told the jury that if the defendant could have reasonably foreseen danger of damage of any sort he would be negligent. This would have been error. Unquestionably, the alleged conduct of defendant exposed Jones to risk of harm to his pulley belt and appliance but under the principles of the Palsgraf case as adopted by us in the West case, supra, this could not impose liability for plaintiff's damage unless defendant could reasonably recognize that her interests were within the danger area. To a reasonable person ignition of the belt may or may not endanger plaintiff's building. This was for the jury to determine. It was necessary that the defendant should have reasonably anticipated the building was in danger.

The trial judge and counsel for the plaintiff were also of the view that there possibly existed other hazards which should have been guarded against, such as risk of harm from water or explosion. Since none of these dangers materialized and their existence was based on speculation, whether such dormant, nonactive risks may be thus found to exist without evidentiary basis we do not decide for the reason we think they are immaterial.

■ The sum total of all the interesting discussions on this subject is that actionable negligence is the wrongful invasion (damage) of the interests of another. What is wrongful? It is launching or activating a reasonably anticipated damaging force ultimately resulting in the invasion. The mere existence of a potentially destructive force subjects no one to liability. One cannot isolate the risk from the harm and impose liability. The act, the damaging force released thereby and the invasion must be related to each other. "Negligence in the abstract, apart from things related, is surely not a tort". Palsgraf v. Long Island R. Co., supra. Exposing one to a sleeping danger in a sense may be socially wrong but it is

not an actionable wrong unless awakened and harm results.

"Certain forms of conduct are negligent because they tend to subject certain interests of another to a particular hazard or type of hazard or to a limited number of hazards of a definite character. If so, the actor's negligence lies in his subjecting the other to the particular hazard and he is liable only for such harm as results from the other's exposure thereto." Restatement, Torts, section 281, Comment e on Clause b, page 736.

In explanation of what is meant by the foregoing quotation is this statement:

"This follows from the rule stated in section 281, Comment e, which states that where the negligence of the act consists in its recognizable tendency to subject another to a particular hazard, the actor cannot be subject to liability for any harm occurring otherwise than by the other's exposure to that hazard." Restatement, Torts, section 430, Comment c, page 1159.

To disassociate the hazard from the harm would be the equivalent of holding one responsible for negligence at large or "negligence in the air". Cf. "Foreseeability Factor in the Law of Torts", supra; Palsgraf v. Long Island R. Co., supra.

These principles in no way conflict with the rule that once a person has committed the wrong (negligent act), he is liable for all the consequences proximately resulting therefrom even though the injury be of a form or to an extent not anticipated. The rules concerning the form and extent of the injury operate on the condition subsequent to the establishment of negligence.

Plaintiff charges defendant with conduct under conditions wherein the prevision of a reasonable person should have realized the probability of the ignition of the belt and the spread of the fire as the destructive force which caused the harm. The hazard is a necessary element of negligence. The negligence alleged is failure to guard against the hazard of fire. This is the negligence upon which plaintiff may recover, if at all. The wrong, if the facts exist as alleged, was the invasion of plaintiff's property interests by doing the act which started the fire when defendant should have reasonably expected the fire.

■ The court correctly instructed the jury in effect that before it could find defendant negligent, he should have realized there was an unreasonable risk of the harm done to plaintiff as a result of the fire. A more technically accurate statement would have been to phrase it as an anticipation of an unreasonable risk of some harm to the plaintiff resulting from fire, but no point is made in the objection of such difference in phraseology.

Order granting new trial is vacated with directions to enter judgment for the defendant.

LA PRADE, C. J., and UDALL, PHELPS, and STRUCKMEYER, JJ., concurring.