297 P.2d 936

Rocky J. WOMACK, by his guardian ad litem, Arthur Womack, and Arthur Womack, Appellants,

v.

BANNER BAKERY, Inc., a corporation, bankrupt, and Albert B. Colby, Trustee of Banner Bakery, Inc., a corporation, bankrupt, and Kalman Dorshkind, Appellees.

No. 5907.

Supreme Court of Arizona.

June 5, 1956.

354

Minne & Sorenson, and Robert H. Allen, Phoenix, for appellants.

Struckmeyer, Whitney & Perry, Phoenix, for appellees.

PATTERSON, Superior Court Judge.

An action was initiated by Arthur Womack, as guardian ad litem of his son, Rocky J. Womack, a child of the age of three and one-half years, and by Arthur Womack, individually, against Banner Bakery, Inc., a corporation, and Kalman Dorshkind for injury sustained by the said minor. On the afternoon of February 25, 1952, the said minor was struck by an International panel truck driven by defendant Kalman Dorshkind who was employed as a salesman by defendant Banner Bakery, Inc., and was traveling his usual sales route delivering Banner products at the time the accident occurred across the street from the child's home which was situated on the southeast corner of the intersection of North 37th Avenue and West Fillmore Street in Phoenix, Arizona. The child, together with other small children, was playing in the front yard of the Womack home immediately prior to the accident. As Dorshkind proceeded south on 37th Avenue, there was nothing to obstruct his view of the street except a car facing north parked on the east side of 37th Avenue adjacent to the Womack home.

Other than Rocky's four-year-old playmates, Dorshkind was the only one who saw the accident. According to his testimony, he was "hugging" the right hand side of the road as he approached the place of the accident and the speed of his truck was ten to twelve miles per hour. Rocky ran out from the yard on the west side of the Womack home into and across the road in front of the truck. Immediately before the collision Dorshkind swerved the truck to the left, a distance of about three feet from the right hand side of the road and struck Rocky with the right front fender. Rocky suffered severe injuries and contends that the injuries are permanent. His father incurred substantial medical expenses.

Judgment was entered on verdict in favor of defendants. Plaintiffs appeal from this judgment and from order denying their motion for new trial.

Plaintiffs contend that the trial court erred in permitting Herbert H. Herman, a former highway patrolman, who investigated the accident but who was not an eyewitness, to give his opinion as to the cause of the accident based almost entirely upon statements made by Dorshkind after the accident. The testimony of the highway patrolman discloses that he had no distinct and independent recollection of what transpired on the day he made his investigation until after he examined a copy of his official report, which was given to him on the witness stand. He was then able to relate facts revealed to him by the driver of the truck and some of the physical facts he observed. The record discloses the following proceedings:

"Mr. Struckmeyer:

"Q. Does this refresh your memory as to what you determined the case was at that time? A. The best theory that I could evolve, yes. It is shown here on this.

"Q. And you now have a recollection of that made in February of 1952, do you? A. Yes, I remember the incident quite well.

"Q. And what did you then reason as the best that you could determine as to the cause of the accident at that time?

"Mr. Sorrenson: Object, if your Honor please, the question calls for hearsay.

"The Court: Objection sustained, to the form of a question.

"Mr. Struckmeyer: Now, you have— what did you determine if you did not determine as to the cause of the accident in 1952, in February of 1952?

"Mr. Sorenson: If the Court please, we object to it on the ground that question has been asked and he answered he was unable to determine the cause of the accident.

"The Court: Objection overruled, he may answer the question if he can.

"A. The report, as I made it, I made up from Mr. Dorshkind's testimony that the boy came from behind a parked automobile which was parked on the other side of the road, on the East side of the road, just off of the road. As a matter of fact that the little fellow ran from behind the parked car in front of his vehicle and as a surprise, and he did not have time to apply the brakes. He did not have time to apply the brakes, he did not have time to avoid the child."

Defendants contend that the plaintiffs did not make a proper objection to the foregoing questions and answers, and therefore cannot assert error on this appeal.

■ It will be observed that the entire answer is nothing but a hearsay, self-serving statement of the driver. Initially, when the question was asked, the hearsay objection was made. The court should have sustained the first objection. The question actually called for an opinion based upon hearsay statements. Even if the subject-matter were a proper subject for expert opinion evidence, it could not be thus founded. Security Benefit Ass'n v. Small, 34 Ariz. 458, 272 P. 647.

■ It is also contended by plaintiffs that the trial court erred in giving the defendants' instruction No. 3, as modified:

"You are further instructed that if you find from the evidence that Rocky J. Womack, prior to this accident, was in a position of safety, Kalman Dorshkind was not required, or bound to anticipate, that the child would run in front of his truck and thereby cause

injury to himself. If you believe from the evidence that Rocky J. Womack was in a position of safety and left that place of safety and ran into the immediate path of the truck, and that Kalman Dorshkind was unable to avoid the accident by the exercise of reasonable care, then the accident was not proximately caused by Kalman Dorshkind and your verdict should be for the defendants."

From the physical conditions and the testimony of Dorshkind, the jury could have concluded as a fact that the driver of the truck observed the child in the yard and saw Rocky running out the gate toward the street. Under such conditions it was error for the court to instruct that the driver was not required to anticipate that the child would run in front of his truck. A driver who observes small children playing on or near the street under such conditions that a reasonable person should expect the possibility of thoughtless, erratic movements which would endanger their safety must anticipate such movements and take precautions commensurate with the dangers involved. Observing the child in such a situation he cannot assume the child will remain in a place of safety but must consider the contrary possibility. Darr v. Porte, 220 Iowa 751, 263 N.W. 240; Webster v. Luckow, 219 Iowa 1048, 258 N.W. 685; Price v. Burton, 155 Va. 229, 154 S.E. 499; Boyd v. Brown, 192 Va. 702, 66 S.E.2d 559; Annotations, 113 A.L.R. 528 and 30 A.L.R. 2d 32.

Appellees rely on our rule in the case of Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420, wherein we approved an instruction that a driver is not required to anticipate the sudden appearance of children in his pathway under ordinary circumstances. The facts in that case called for the application of the "sudden appearance" rule as applying to a child darting into the street. That rule is not applicable when the child is seen in a place of safety under such conditions that a reasonable person should expect his movement into the danger zone.

The errors committed by the trial court were prejudicial to appellants. Reversed and remanded with instructions to grant a new trial.

LA PRADE, C. J., and UDALL, WINDES and PHELPS, JJ., concur.

STRUCKMEYER, J., having declared himself disqualified, the Honorable W. E. PATTERSON, Judge of Superior Court, Yavapai County, was called to sit in his stead and participated in the determination of this appeal.