387 P.2d 804

Stephen **KOSTOLANSKY** and Olga Jeanne Kostolansky, husband and wife, Appellants,

v.

Elmo Clarence **LESHER** and Mary Schwind Lesher, husband and wife, Appellees.

No. 7062.

Supreme Court of Arizona.

In Division.

Dec. 12, 1963.

Palmer C. Byrne, Prescott, for appellants.

Favour & Quail, by Robert K. Park, Prescott, for appellees.

UDALL, Vice Chief Justice.

Appellees brought this action in the Superior Court of Yavapai County seeking rescission of a contract to purchase real property, and restitution of payments made on the contract and money spent improving the land. They alleged that their agreement to purchase the property was induced by certain fraudulent misrepresentations. Defendants moved for a directed verdict when plaintiffs rested and again at the close of all the evidence. Both motions were denied and the case then went to the jury which found for the plaintiffs. Judgment was entered accordingly and from the denial of a motion for a new trial, defendants appeal.

In substance there are three assignments of error. We deal first with the contentions relating to the court's treatment of certain instructions. Specifically, defendants argue that it was error to reject their requested instructions 7 and 9, to modify their requested instructions 5 and 8, and to give plaintiffs' requested instructions 6 and 15.

Our consideration of the merits of these instructions is foreclosed by defendants' utter lack of compliance with R. Civ.P. 51(a), 16 A.R.S. which states:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

See also Bean v. Gorby, 80 Ariz. 25, 292 P. 2d 199 (1956); Sibley v. Jeffreys, 76 Ariz. 340, 264 P.2d 831 (1953). No objections whatever were raised when the court modified defendants' requested instructions 5 and 8. Complaint was made of plaintiffs' requested instruction 6 "for the reason that it is not a correct statement of law." This in nowise constitutes a "distinct statement" of grounds for objecting and has, by this court, been held insufficient. See Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420 (1952). Objections to plaintiffs' instruction number 15 and to the rejection of defendants' instructions 7 and 9 likewise failed to apprise the court distinctly of the objectionable matter and the grounds relied upon, thus falling far short of the standards imposed by Rule 51(a).

Defendants next contend that the court mistakenly allowed the jury to consider the alleged fraudulent misrepresentations of the sanitary condition of the premises, the property boundaries, and the adequacy of the facilities to accommodate twenty-four trailers. The evidence that any such misrepresentations were made was admittedly scanty. A more tidy procedure, therefore, would require that the jury be restricted to consideration of the testimony concerning the depth of the well and the sufficiency of the water supply.

■ But assuming that there was insufficient evidence of fraud with respect to the allegations in question, we think the court's failure to so instruct the jury was not prejudicial error. It must be remembered that an action for rescission is equitable in nature. The jury in such cases is advisory only. R.Civ.P. 39(k); Berry v. Solomon, 60 Ariz. 333, 137 P.2d 386 (1943). And the judgment is deemed to rest on findings of fact by the court. Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188 (1956). It is well established that, for this reason, erroneous instructions to an advisory jury are not always prejudicial. Wilson v. Coerver, 35 Ariz. 488, 279 P. 253 (1929). The obvious basis for this rule is the theory that the court will correctly apply the law to the facts. The present situation is analogous. While the jury may have been misled by the failure to withdraw from their consideration those allegations which were unsupported by evidence, we must presume that the court perceived this failure of proof and considered only the issues of fraud as to the well and the water supply.

■ Of course, the rule that erroneous instructions are not prejudicial when the jury is only advisory, is limited. The error becomes material when it clearly indicates that the court itself was under a "basic misconception" of the governing law. Decker v. Ramenofsky, 91 Ariz. 97, 370 P.2d 258 (1962). Such is not the case here, however, for the court positively stated, when plaintiffs rested, that defendants' motion for a directed verdict was well taken as to three of the alleged misrepresentations, but that the evidence raised a jury question "as to the well and water supply."

■ Finally, defendants argue that there was no evidence on the element of inducement. This contention is without merit. There was abundant testimony that plaintiffs intended to operate a trailer court and were seriously concerned that there be enough water for this purpose. In our view, the evidence was clear and convincing on all the elements of fraud. For these reasons the judgment must be affirmed.

Affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur.