442 P.2d 888.

**Elmer E. WRIGHT and Juanita M. Wright, husband and wife, Appellants,**

v.

**William C. DEMETER, dba Bill's Ranch House, Appellee.**

**No. 1 CA–CIV 547.**

Court of Appeals of Arizona.

June 20, 1968.

Alan Philip Bayham, Phoenix, for appellants.

McKesson, Renaud, Cook & Miller, by J. Gordon Cook, Phoenix, for appellee.

KRUCKER, Judge.

Personal injury action was filed by Elmer E. Wright and Juanita M. Wright against William C. Demeter, sole proprietor of Bill's Ranch House Restaurant. Plaintiffs sought damages and defendant answered denying negligence and alleging assumption of risk and contributory negligence. Trial was held September 29, 1966 and resulted in a directed verdict in favor of defendant from which appeal is taken to this court.

Plaintiff Juanita M. Wright was employed by defendant in a carry-out and patio-type restaurant. One of her duties was to refill a coke barrel which was sitting on the counter. To reach the barrel, a metal and wire milk box was provided on which an employee would stand in order to reach the top of the barrel so that coca-cola syrup could be poured into the barrel from a gallon bottle. The surface of the milk box, when turned upside down, was not entirely level. On the day of the

alleged injury, Mrs. Wright became over-balanced, stepped off the box before pouring the syrup into the barrel, and twisted her back causing injury which subsequently required hospitalization and a spinal fusion.

It is not contended by plaintiff that she slipped or tripped, or that there was any movement of the box on which she was standing. Plaintiffs' brief raises two questions for review of this court. First, is it error to direct a verdict in favor of the defendant when reasonable minds could differ as to the negligence of defendant; and second, did the court err in refusing testimony of plaintiffs' engineering witness as to the slipperiness of the protruding steel rods of the milk container and the "teeter-totter" nature and effect of the uneven steel metal rods on the milk container's underside which was used as a standing platform.

At the trial, there was also a question as to the ownership of the business and whether or not there were three or more employees which would require compliance with the provisions of the Workmen's Compensation Law of this state, A.R.S. Title 23, ch. 6. Some testimony indicated that the defendant purchased the business in his own name and that his application for a sales tax license was in his own name, but there was evidence that his two sisters owned an interest in the business. If this is true, as the trial court must have presumed, they were not employees and hence there were not three or more employees in the business.

■ First, when the appeal is taken from the granting of a directed verdict, this court is required to view the facts in a light most favorable to the party against whom the verdict was directed in determining whether there was sufficient evidence to present the matter to the jury. Hinson v. Phoenix Pie Co., 3 Ariz.App. 523, 416 P.2d 202 (1966). As stated, there was no evidence of slipperiness or tripping or movement of the box and plaintiff's own testimony verifies this fact.

" *  *  * *  *  *  ` * 

A. Anyway, I was there and I got over-balanced, why I don't know but I stepped off of this box and with that Coke in my hand and I hadn't poured it out, any of it in the barrel, I hadn't gotten to the barrel, I mean, I hadn't gotten any poured out and I twisted my back. * * *

* * * * * *

Q. Then, am I correct in saying that your overbalancing had nothing to do with any movement of the box; is that true?

A. That is true.

* * * * * *

Q. And is it also correct that there wasn't anything slippery or that caused you to slip—

A. (Interrupting) That is correct.

Q. —on the box? That's right, isn't it?

A. Yes, sir.

* * * * * * "

■ Plaintiff had been using the box as a ladder for some time. Plaintiff was completely familiar with the box. Negligence presupposes a duty of taking care and this, in turn, presupposes knowledge or its equivalent. 38 Am.Jur. Negligence § 23, at 665. The hazard is a necessary element of negligence and before defendant can be found negligent, it must be shown that there was an unreasonable risk of harm to plaintiff. Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178 (1955). In State ex rel. Industrial Commission v. Standard Oil of California, 3 Ariz.App. 389, 414 P.2d 992 (1966), rehearing denied July 18, 1966, the Arizona Appellate Court stated:

"'This court has recognized the concept of duty as it relates to the doctrine of negligence in terms of 'foreseeability' of harm to another. The foreseeability of the danger establishes the duty.' Rosendahl v. Tucson Medical Center, 93 Ariz. 368, 380 P.2d 1020, at 1022 (1963)."

We find no evidence that the appellee should reasonably have foreseen that the plaintiff would lose her balance in pouring the syrup into the barrel. As stated in Tucker v. Collar, supra:

"* * * the defendant should have recognized that his acts created an appreciable chance of causing the harm done, rather than a bare possibility * * *." 79 Ariz., at 143, 285 P.2d, at 179.

Also see, Cummings v. Prader, 95 Ariz. 20, 386 P.2d 27 (1963) where the better test was stated as follows:

"If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight. [Citation omitted]" 95 Ariz., at 27, 386 P.2d, at 31.

See, 35 Am.Jur. Master and Servant § 143, at 574, wherein it is stated:

"Where the tool is simple in construction, so that defects therein can be discovered without special skill or knowledge and without intricate inspection, the employee is as well qualified as anyone else to detect defects and to judge of the probable danger of using the devise while defective. * * *"

See also, Wylie v. Moore, 52 Ariz. 537, 84 P.2d 450 (1938).

We hold that there was no evidence of negligence on the part of the defendant which would cause the case to be submitted to the jury. Appellants' counsel admits that appellant did not slip or fall from the box, or that the box did not move or "teeter-totter", and relies solely on the nature of the box itself.

■ Plaintiffs called an engineering expert to testify as to the slipperiness of the box and the "teeter-totter" nature and effect of the uneven steel metal rods on the underside of the box. On objection the court refused to allow the expert to testify. This testimony was not admissible for two reasons. First, there was no question of slipperiness or movement of the box and the testimony was inadmissible by plaintiff's own testimony; and further, there was no mention of the proposed witness in the pre-trial memorandum or pre-trial order in compliance with the spirit of the Rules of Civil Procedure or Uniform Rules of Practice of the Superior Court of Arizona, Rules V and VI, 17 A.R.S. (pocket part supplement). These rules are designed to require mutual disclosure prior to trial.

■ As to the question of whether defendant was subject to the provisions of Workmen's Compensation of this state, the only evidence submitted at trial was defendant's Application for Preferred License to the City of Phoenix. This is plaintiffs' exhibit No. 1 in evidence. It shows the business name to be "Bill's Ranch House Burgers" and it is signed without designation provided for as to whether it is an individual partnership or corporation. Plaintiffs also introduced testimony that there was no record of notice of doing business under a fictious name. We think this would apply only to creditors.

Defendant clearly shows that his two sisters were in fact partners in the business and were thus employers rather than workmen or employees as defined in part in A.R.S. § 23–901. It has been held that partners are not employees within the provision of compensation acts. Rockefeller v. Industrial Commission, 58 Utah 124, 197 P. 1038 (1921).

For the reasons stated herein, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.