492 P.2d 447

Roger LYLE, by his Guardian ad Litem, Shirley Lyle, Appellant,

v.

James J. BOYLE and Laverne Boyle, Husband and Wife, Appellees.

No. 1 CA–CIV 1570.

Court of Appeals of Arizona, Division 1. Department A. Jan. 10, 1972.

Rehearing Denied Feb. 8, 1972. Review Denied March 21, 1972.

---

John M. Levy and Noel J. R. Levy, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Richard J. Woods, Phoenix, for appellees.

DONOFRIO, Judge.

This is an action for personal injuries arising out of an accident which occurred when a car driven by appellee James J. Boyle (herein referred to as defendant) backed into a tricycle upon which appellant Roger Lyle (herein referred to as plaintiff) was riding. As a result of the accident plaintiff, a two and one-half-year-old child, sustained a rather severe avulsion injury to his ear and several superficial abrasions about the face, arms, back and legs.

The case proceeded to trial on the theory of negligence. The jury returned a verdict for defendant, and plaintiff now appeals therefrom, raising a number of contentions concerning the propriety of certain jury instructions and certain rulings made by the trial court.

The following are the facts viewed in the light most favorable to sustaining the verdict and judgment. Shell Oil Company v. Collar, 99 Ariz. 154, 407 P.2d 380 (1965); Truck Insurance Exchange v. Hale's Towing Service, 95 Ariz. 76, 386 P.2d 846 (1963).

Defendant was employed by Motel Managers Training School, Inc. On August 29, 1967, he made a house call at 6741 North 23rd Drive, an apartment complex in Phoenix, to interview a prospect for the training school. Defendant completed the interview at approximately 8:00 p. m. and returned to his car parked in the apartment parking area which was located in front of the apartment complex and adjacent to the street. The parking area was twenty-six feet in depth and set up in such a manner that cars were parked perpendicular to the street and a car had to be backed over a rolled curb and into the street in order to exit the parking area.

Defendant entered his car, checked his rear view mirror, looked to the area where he would be backing, and backed his car six to eight feet, then over the rolled curb, colliding with plaintiff who was on his tricycle. Defendant testified that upon backing into the street he heard a bump which he thought to be his tailpipe, stopped, heard no more, started backing again, heard a scraping noise, and pulled forward into the parking lot. He testified that it was not until he pulled forward that he became aware that his automobile had collided with plaintiff.

Plaintiff presents four questions for review. By the first question plaintiff alleges that the trial court erred in refusing to grant his motion for new trial for two reasons. The first reason, which is ably urged by plaintiff's counsel on appeal, is that the judge, when ruling on a motion for new trial, sits as a thirteenth juror and when, as plaintiff alleges in this case, the

verdict is contrary to the weight of the evidence the judge must grant a motion for new trial.

We recognize this proposition of law, as it was stated in Brownell v. Freedman, 39 Ariz. 385, 389, 6 P.2d 1115, 1116 (1932), that:

"* * * The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action. * * *"

See also Zevon v. Tennebaum, 73 Ariz. 281, 284, 240 P.2d 548, 549 (1952). With this proposition in mind, however, we have reviewed the record and find it sufficient to say we find no manifest abuse of discretion by the trial court.

Secondly, plaintiff argues that the trial court erred in not granting his motion for new trial because defendant was negligent as a matter of law, being in violation of A.R.S. §§ 28–794 and 28–856, and that such violation constituted negligence per se and actionable negligence. These two sections provide as follows:

A.R.S. § 28–794.

"Notwithstanding the provisions of this chapter every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

A.R.S. § 28–856.

"The driver of a vehicle within a business or residence district emerging from an alley, driveway or building shall stop the vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or private driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield ·the right of way to all closely approaching vehicles on the roadway."

During trial plaintiff submitted a jury instruction, plaintiff's requested instruction number 14, containing A.R.S. §§ 28–794 and 28–856. The instruction stated that if the jury found defendant to be in violation of any of the laws included in the instruction, then defendant should be negligent as a matter of law. The court modified the instruction, omitting that portion of the instruction containing A.R.S. §§ 28–794 and 28–856. No objection whatever was made by plaintiff as to the modified instruction.

■ Plaintiff's failure to object to the modified instruction fails to comply with Rule 51(a), Rules of Civil Procedure, 16 A.R.S., which states:

"* * * No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection * * *",

and precludes our consideration of the merits of the instruction. Nielson & Sons v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966); Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963).

■ Our review of the record, however, convinces us of the correctness of the trial court's ruling. The evidence elicited at trial through testimony and exhibits establish that there was no sidewalk extending along the apartment complex driveway, thus the sidewalk statute, A.R.S. § 28–856 did not apply. As to A.R.S. § 28–794, there was no evidence tending to show that defendant observed the plaintiff, thus that

portion of the statute did not apply. Regarding that portion of the statute which deals with the law of due care, the court properly covered the matter in that part of the instruction which was given and in the other instructions given defining negligence.

Plaintiff argues by his second and third questions that the trial court erred in failing to give two of plaintiff's requested instructions. Plaintiff did not object to the failure to give either of these instructions, thus, as previously discussed, Rule 51(a), Rules of Civil Procedure, 16 A.R.S., precludes our consideration of the merits of these instructions. Nielson v. Flashberg, supra; Kostolansky v. Lesher, supra.

■ Plaintiff's fourth question presented alleges that the trial court erred in giving defendant's requested instruction number 4, which is as follows:

"You are instructed that the duty to exercise care arises from probabilities, rather than from bare possibilities of danger. Consequently, in order for the plaintiff to establish that the defendants, or any of them, are liable in negligence for Roger Lyle's injuries, the plaintiff must show by a preponderance of the evidence that the alleged negligent conduct of such defendants was such that acting reasonably and prudently, such defendants should have recognized their acts created an appreciable chance of causing the harm done, rather than a bare possibility thereof."

This same instruction was given in Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178 (1955), and approved by our Supreme Court. In our opinion this was a proper case for an instruction on foreseeability and a correct statement of the law.

Judgment affirmed.

STEVENS, P. J., and CASE, J., concur.