857 P.2d 381

**Michael ROSEN and Bonnie Rosen, husband and wife, as individuals and on behalf of their natural son, Robert Rosen, Plaintiffs–Appellants,**

v.

**Samuel Manuel KNAUB and Jane Doe Knaub, husband and wife, Defendants–Appellees.**

No. CV–92–0275.

Supreme Court of Arizona.

Aug. 24, 1993.

Shiaras & Harrington by Neil J. Harrington, Phoenix, for plaintiffs/appellants Rosen.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Hunsaker and Lisa Sommer, Phoenix, for defendants/appellees Knaub.

## OPINION

ZLAKET, Justice.

Sixteen-year-old Robert Rosen was skateboarding with friends in a residential area at night when he collided with a truck being driven by defendant Samuel Knaub. Rosen was severely injured. Knaub claimed that Robert had suddenly appeared in the street, leaving no time to avoid impact. The Rosens alleged that defendant's

excessive speed caused the collision. Following trial, the jury rendered a defense verdict. The court of appeals subsequently affirmed the judgment. *Rosen v. Knaub*, 173 Ariz. 304, 842 P.2d 1317 (Ct.App.1992). We granted review to examine the propriety of two jury instructions, and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

Citing *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 706 P.2d 364 (1985), the Rosens argue that the "sudden appearance" and "unusual event" instructions were incorrect statements of law, and that the trial court therefore erred in giving them. They claim that the instructions "improperly defined legal duty in terms of specific instances of conduct," and "impermissibly excluded the 'unexpected' from the scope of legal duty" owed by the defendant to Robert Rosen. We concur with the court of appeals that *Markowitz* is not determinative here. *Rosen*, 173 Ariz. at 307, 842 P.2d at 1320. Nonetheless, we agree with plaintiffs that the instructions were erroneous.

## I. THE SUDDEN APPEARANCE INSTRUCTION

Over objection, the trial court told the jury:

> You are instructed that the driver of an automobile is not required to anticipate the sudden appearance of children in his pathway under ordinary circumstances. His duty is that of a reasonable person under all of the circumstances.

The genesis of this instruction in Arizona seems to be *Schmerfeld v. Hendry*, 74 Ariz. 159, 245 P.2d 420 (1952). In *Schmerfeld*, a 27–month–old boy ran into the street and collided with the side of a vehicle. Neither the driver nor his passenger saw the boy until they were "suddenly upon him." 74 Ariz. at 160, 245 P.2d at 421. The rear portion of the car's front fender came in contact with the boy. *Id.* The jury was instructed that:

> ... a driver is not required to anticipate the sudden appearance of children in his pathway under ordinary circumstances.

*Id.* at 163, 245 P.2d at 422. This court, without discussion, explanation, or citation of authority, concluded that the instruction was "sound," having first noted that the objection made to it at trial was "insufficient." *Id.*

Subsequent decisions of the court have retreated from this apparently unqualified endorsement. In *Womack v. Banner Bakery, Inc.*, 80 Ariz. 353, 356, 297 P.2d 936, 938 (1956), a similar, but not identical, instruction was rejected where there was evidence from which "the jury could have concluded as a fact that the driver of the truck observed the child in the yard and saw [him] running out the gate toward the street." This court stated that such a driver "cannot assume the child will remain in a place of safety, but must consider the contrary possibility." *Id. Womack* therefore held that the sudden appearance rule "is not applicable when the child is seen in a place of safety under such conditions that a reasonable person should expect his movement into the danger zone." *Id.*

This court also disapproved the instruction in *Beliak v. Plants*, 84 Ariz. 211, 215, 326 P.2d 36, 38 (1958), where a 5½–year-old boy was injured as defendant backed his car out of the driveway. There, the record lacked evidence that the child had suddenly appeared. The court, however, additionally said:

> We are also of the opinion that since defendant knew that the six to eight children who lived on his block sometimes played in and around this lightly traveled dead end street, he was under a duty to anticipate that they might suddenly get into the path of his automobile and accordingly was required to exercise such care as a reasonable prudent person would exercise under similar circumstances. It was therefore error under the circumstances of this case for the court to instruct the jury that the driver of an automobile is not required to anticipate the sudden appearance of children in his pathway.

*Id. See also Esquivel v. Nancarrow*, 104 Ariz. 209, 450 P.2d 399 (1969) (3½ year-old boy struck by a car and killed while run-

ning behind two older children across a busy, heavily traveled street), where a majority of this court observed that "it would have been better to refuse to give the [sudden appearance] instruction." *Id.* at 214, 450 P.2d at 404.

■ These cases recognize that a motorist, under quite ordinary circumstances, might indeed have a duty to anticipate the often unpredictable behavior of children, including their sudden appearance in the roadway. Because the first sentence of the instruction at issue here says just the opposite, it is an incorrect statement of the law.

■ We further disapprove of the instruction's implicit suggestion that "sudden appearance" is a uniquely important defense existing separate and apart from ordinary principles of negligence. This is clearly not the case. The manner in which Rosen arrived in the street was but one fact to be considered with all others in determining the reasonableness of the defendant's conduct, i.e., whether he was negligent "under the circumstances." Here, the jurors were given standard negligence instructions. They were told in neutral terms of the legal rules to be applied. Included was an instruction defining negligence as the failure "to act as a reasonably careful person would act under the circumstances." Thus, this jury was sufficiently informed to decide whether, given the specific facts of the case, defendant Knaub was negligent in the operation of his automobile. The parties were free to argue whether Rosen's appearance in the road was so sudden and unexpected as to relieve Knaub of liability, but it was unnecessary and inappropriate for the court to single out this evidence by giving the instruction in question.

We recognize the tension that naturally exists between the duty of a trial court to provide instructions sufficient to cover the legal theories advanced by each party, without favor or disadvantage to any side, and the desire of litigants to have judges instruct in a way that echoes and emphasizes the strongest points of their respective cases. Still, because "common sense and experience tell us that jurors give special credence to the pronouncements of judges," *State v. Johnson,* 173 Ariz. 274, 276, 842 P.2d 1287, 1289 (1992), every reasonable precaution must be taken to avoid instructions that might cause jurors to view the evidence "in accordance with what they believe to be the court's judgment as to its weight rather than their own." *Security Benefit Assn. v. Small,* 34 Ariz. 458, 468, 272 P. 647, 651 (1928).

Finally, we do not decide whether this instruction gave such undue prominence to the motorist's theory of defense that it constituted a prohibited comment on the evidence. *See* Ariz. Const. art. 6, § 27. While the Rosens raised this objection at trial, they did not do so on appeal.

For all the foregoing reasons, the portion of *Schmerfeld v. Hendry* that approves the sudden appearance instruction is overruled. 74 Ariz. at 163, 245 P.2d at 422.

## II. THE "UNUSUAL EVENT" INSTRUCTION

The judge also informed the jury:

You are instructed that all persons are required by law only to anticipate and foresee and guard against what usually happens, or is likely to happen, but that they are not required to foresee and provide against that which is unusual and not likely to happen. The proper test in cases of this kind is not whether the injurious result or consequence was possible, but whether it was reasonably probable to occur according to the usual experience of persons.

Defendant Knaub cited *Tucker v. Collar,* 79 Ariz. 141, 285 P.2d 178 (1955) and *Lyle v. Boyle,* 16 Ariz.App. 198, 492 P.2d 447 (1972) in support of this charge. We do not find those cases to be persuasive. *Lyle* simply did not deal with this instruction. In *Tucker,* the court affirmed a judgment for the defense but did not address the specific language of the instruction. Rather, it framed the issue there under consideration as "whether, in determining if conduct is negligent, one must foresee probable injury not only to the plaintiff but also

to another person," 79 Ariz. at 144, 285 P.2d at 180, and then launched into an analysis based on *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928). In our view, that discussion is not helpful.

The instruction erroneously suggests that a person *never* has the duty to anticipate "unusual" or "unlikely" events. It improperly equates "usual" or "likely" with "foreseeable." It thus fails to recognize that an event can be both unusual and foreseeable, a finding generally reserved to the trier of fact.

 Here, Knaub owed Rosen the duty of ordinary care under the circumstances. *Ontiveros v. Borak*, 136 Ariz. 500, 508, 667 P.2d 200, 208 (1983). Reasonable minds could differ on whether he acted properly in light of known or foreseeable risks. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 357–58, 706 P.2d 364, 369–70 (1985). It was error to instruct the jury, in essence, that if Rosen's presence in the street was unusual or unlikely, the accident was not foreseeable as a matter of law. *See Arizona Pub. Serv. Co. v. Brittain*, 107 Ariz. 278, 282, 486 P.2d 176, 180 (1971) (trial court properly refused such an instruction because it would "only heighten the confusion of the jury in an already sufficiently confused area"). *Tucker* is overruled to the extent that it implies otherwise.

## III. DISPOSITION

A determination of prejudicial error must be based on the particular circumstances of each case, including the evidence and all instructions. *See Trickel v. Rainbo Baking Co. of Phoenix*, 100 Ariz. 222, 230, 412 P.2d 852, 857 (1966) (no fixed criteria or standard for determining if an instruction is prejudicial; every case to be decided on its own facts). Here, only liability was at issue because the trial was bifurcated. No one disputed that Knaub collided with young Rosen at 8:45 at night; or that Rosen, wearing dark clothing, skateboarded off a driveway and into the street. Knaub was apparently driving between 30 and 36 mph in a residential area where the posted speed limit was 25 mph. Whether Knaub was negligent, or his speed contributed to the accident, were hotly contested issues. In his closing remarks, defense counsel strongly and effectively argued that his client had no duty to anticipate Rosen's "sudden" and "unusual" appearance in the street.

Against this backdrop, we cannot say that either of the erroneous instructions did not affect the verdict. The opinion of the court of appeals is vacated. The judgment is reversed, and the matter is remanded for a new trial.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and MARTONE, JJ., concur.