460 P.2d 191

Edwin H. MAAS and Paula Maas, husband
and wife, Appellants,

v.

Henry DREHER, individually, Union Car-
bide Corporation, a New York corporation,
Germalene Building Maintenance, Inc., an
Arizona corporation, and Germalene Sup-
ply, Inc., an Arizona corporation, Appel-
lees.

No. 1 CA–CIV 860.

Court of Appeals of Arizona,
Division 1.
Department B.

Nov. 6, 1969.

Rehearing Denied Dec. 3, 1969.

Review Denied Jan. 6, 1970.

Carmichael, Johnson & Stephens, by N.
Pike Johnson, Jr., Phoenix, for appellants.

Jennings, Strouss & Salmon, by Rex H. Moore and Jon L. Kyl, Phoenix, for appellees Dreher and Germalene.

Shimmel, Hill & Bishop, by Richard A. Black, Phoenix, for appellee Union Carbide Corporation.

HAIRE, Judge.

The plaintiff, Paula Maas, injured her hand when she purposely hit the corner of the lid of a plastic waste container in an attempt to make the lid fit properly. She then sued the manufacturer of the waste container, the retailer who sold it to her, and a salesman employee of the retailer to recover damages for these injuries to her hand.

Plaintiff's uncontradicted evidence showed that the waste container was assembled by a friend of the plaintiff immediately after purchase. The friend had some difficulty getting the lid on and used a dinner fork as a tool to make it slip into place. This difficulty with the lid was brought to the attention of the defendant salesman Dreher, and he told plaintiff that the container would be replaced. He then demonstrated to plaintiff that pending replacement she could try to put the lid on by inserting three corners of the lid into the top of the waste container and then use the heel of her hand to hit on the fourth corner to make it slip into place. On the following evening, after emptying the container, plaintiff attempted to replace the lid in the manner demonstrated by the salesman. The first time she hit the corner the lid did not slip into place. She then hit it again, and, upon hitting it the second time she sustained injuries to her hand.

Plaintiff's action was based upon two theories: (1) strict liability in tort against all three defendants for the sale of a defective product, and (2) negligence against the defendant retailer and its salesman based upon the salesman's demonstration and advice as to how the lid could be made to fit, pending replacement. At the close of plaintiff's case, the trial court directed a verdict in favor of all defendants.

## STRICT LIABILITY IN TORT

In Arizona it is well established that under certain circumstances sellers of a product may be strictly liable in tort to a user or consumer of a product, without the necessity of a showing by the plaintiff that the sellers were negligent or that the user or consumer had contractual privity with the selling defendants. O. S. Stapley Co. v. Miller, 103 Ariz. 556, 447 P.2d 248 (1968); Bailey v. Montgomery Ward & Co., 6 Ariz.App. 213, 431 P.2d 108 (1967); Tucson General Hospital v. Russell, 7 Ariz.App. 193, 437 P.2d 677 (1968); Estabrook v. J. C. Penney Co., 10 Ariz.App. 114, 456 P.2d 960 (1969); Caruth v. Mariani, 10 Ariz.App. 277, 458 P.2d 371 (1969); Wagner v. Coronet Hotel, 10 Ariz.App. 296, 458 P.2d 390 (1969). These decisions have expressly adopted the rule of strict liability set forth in Restatement (Second) of Torts Sec. 402A (1965), which reads in part as follows:

\*　　\*　　\*　　\*　　\*　　\*

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

However, the adoption of the strict liability theory does not mean that the sellers of products are always liable to a user or consumer for any physical injury which might be sustained in the use or consumption of that product. Strict liability cannot be equated to absolute liability. Restatement (Second) of Torts Sec. 402A(1) *supra,* limits the seller's liability to those situations where the product sold is "in a *defective condition unreasonably dangerous* to the user or consumer". (Emphasis supplied.)

Defendants contend that where the condition which caused the injury is open and obvious, the product cannot be "unreasonably dangerous" and that therefore liability cannot be imposed upon the basis of strict liability in tort. There have been several prior Arizona decisions involving ordinary negligence or the duty of a landowner to a business invitee which have expressly held that where a condition is open and obvious, and known to the plaintiff, then such condition does not constitute an unreasonable risk of harm to the plaintiff. Wright v. Demeter, 8 Ariz.App. 65, 442 P.2d 888 (1968); Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967); Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963); Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993 (1951). In Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049 (1962), a landmark decision in the development of the law of strict tort liability, the court stated that:

> "To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the [product] in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff *was not aware* that made the [product] unsafe for its intended use." (Emphasis supplied.) (27 Cal.Rptr. at 701, 377 P.2d at 901).

Also see Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802 (1950). In that case the court held as follows:

> "The cases establish that the manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers. Accordingly, if a remote user sues a manufacturer of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff or other users. Examination of the complaint before us reveals the absence of any such recital." (95 N.E.2d at 803).

■■ Plaintiff cannot claim to be unaware of a condition which is open and obvious and known to her. In our opinion the above-stated principles are applicable in strict liability cases under Sec. 402A, *supra*. As stated by Justice Traynor of the California Supreme Court, the Restatement of Torts' treatment of strict liability is primarily concerned with the surprise element of danger. Traynor, The Ways and Meanings of Defective Products and Strict Liability, 32 Tenn.L.Rev. 363 at 370 (1965). If the condition causing injury is open, obvious and known to the plaintiff, or, stated another way, if the plaintiff is *aware* of such condition, there can be no surprise element of danger. In this case, plaintiff has testified that the condition which caused her injury was not in any way hidden or concealed from her—that she knew what she was hitting when she purposely hit the corner of the lid of the waste container. Under the circumstances, such a condition cannot be held unreasonably dangerous.[1]

■ Plaintiff contends that in order for the above principles to apply, not only must the condition be open, obvious and known to plaintiff, but in addition it must be shown that plaintiff subjectively appreciated the danger involved, and that in Arizona this issue must be submitted to the jury under appropriate instructions relative to contributory negligence or assumption of risk. The subjective appreciation of danger by

---

1. Comment *i* of Sec. 402A states that the doctrine of strict liability applies only where the *defective condition* of a product makes it unreasonably dangerous. In view of our conclusion that the product was not unreasonably dangerous, we do not deem it necessary to discuss the question of whether because of the ill-fitting lid, the waste container was in a "defective condition" within the meaning of Sec. 402A, nor whether or not plaintiff's injuries were caused by reason of the defect.

plaintiff might well be pertinent in establishing these affirmative defenses to the extent that such defenses are applicable in strict liability cases. However, in this case we do not reach the question of affirmative defenses. As previously stated herein, one of the elements which *plaintiff* must prove to establish a cause of action in strict liability is that the product was "in a defective condition unreasonably dangerous". This is determined by an objective test, not by the particular plaintiff's subjective appreciation of danger. As stated in the Restatement (Second) of Torts Sec. 402A, comment *i* at 352 (1965):

> "The article sold must be dangerous to an extent beyond that which would be contemplated by the *ordinary consumer* who purchases it, with the *ordinary knowledge common to the community* as to its characteristics." (Emphasis supplied.)

█ From the foregoing it is clear that as a part of plaintiff's case plaintiff was required to show that the condition which caused her injury (the corner of the waste container) was dangerous to an extent beyond that which would be contemplated by the *ordinary consumer* with *ordinary knowledge* common to the community. If plaintiff had established a *prima facie* case for liability, including a showing that the plastice corner was dangerous to an extent beyond that which would be contemplated by the ordinary consumer, then plaintiff's subjective appreciation of the danger might have become material on the issue of assumption of risk. See O. S. Stapley Co. v. Miller, *supra*; Restatement (Second) of Torts Sec. 402A, comment *n* at 356 (1965).

Applying the above-stated principles to the evidence before the trial court, and considering that evidence in the strongest light in plaintiff's favor, we are of the opinion that plaintiff has completely failed to establish a cause of action in strict tort liability against any of the defendants.[2]

## NEGLIGENCE

Plaintiff's second theory of recovery is that the defendant salesman Dreher, and thus his principal, the defendant retailer, Germalene, were negligent in telling plaintiff how she might put the ill-fitting lid on the container, *viz.*, by inserting three corners of the lid into the container and hitting in (with the heel of her hand) the fourth corner. We do not believe that under the circumstances of this case such conduct could constitute actionable negligence.

█ An essential element in a case of actionable negligence is the existence of a duty on the part of a defendant to protect the plaintiff from the injury of which plaintiff complains. Hersey v. Salt River Valley Water Users' Association, 10 Ariz. App. 321, 458 P.2d 525 (1969); Shafer v. Monte Mansfield Motors, 91 Ariz. 331, 372 P.2d 333 (1962). This essential element is wholly lacking here; the defendants had no duty to warn plaintiff that if she hit a solid object with her hand she might incur an injury; there is no necessity to warn against the obvious. Daugherty v. Montgomery Ward, *supra*. The fact that defendant affirmatively demonstrated this particular method for fitting the lid onto the container did not make the "obvious" any less apparent nor did it therefore create any duty to warn.

█ Further, the salesman's demonstration and advice to plaintiff as to how the lid could be made to fit pending replacement cannot be construed as relieving plaintiff of the duty of protecting herself, and the salesman and his employer were entitled to assume she would observe the physical laws of nature in dealing with the open and obvious condition when acting upon any advice given. Daugherty

2. Since we are of the opinion that plaintiff has failed to establish any basis for the application of the strict liability in tort doctrine, we do not need to decide whether or not the defendant employee of the retailer could in any event be held liable under this doctrine.

**524**

v. Montgomery Ward, *supra*. In our opinion the trial court correctly applied the principles set forth in Daugherty in granting defendants' motion for directed verdict on the issue of negligence. No unreasonable risk of danger was created by these defendants' conduct. The holding of the court in Daugherty as summarized in the following language is apropos:

"An act which exposes another to risk of injury only by his failure to conform to those rules of conduct for his own safety with which he might reasonably be expected to comply, does not violate the standards of due care. A party has a right to assume that others will observe as a minimum the operation of well-known natural laws." (102 Ariz. at 270, 428 P.2d at 422).

If the salesman's demonstration and advice exposed the plaintiff to risk of injury only because of her failure to observe those rules of conduct for her own safety with which he could presume she would comply, neither he nor his employer can be liable for her injury. In our opinion, defendants had no duty to warn the plaintiff that if she struck the corner of the waste container too hard with her hand she might injure it. This is a fact which the ordinary person learns at an early age.

The cases relied upon by plaintiff to support her contention that the defendant retailer and salesman should be held liable upon the theory that the salesman's instructions were negligent and that defendants were not entitled to rely upon the fact that the condition was open and obvious, are De Eugenio v. Allis-Chalmers Mfg. Co., 210 F.2d 409 (3d Cir. 1954); and Allis Chalmers Manufacturing Co. v. Wichman, 220 F.2d 426 (8th Cir. 1955), cert. denied, 350 U.S. 835, 76 S.Ct. 71, 100 L. Ed. 745 (1955). A review of these cases reveals a fact situation involving far more danger than that in the case at hand. Although the reasoning is not clear, it appears that in these decisions the courts were holding in effect that because of the very dangerous nature of the machinery

involved, the defendants' conduct exposed the user of the machine to unreasonable danger notwithstanding the fact that the conditions was open and obvious. At any rate in the case at hand the fact situation is not in any way comparable to the facts involved in the Allis-Chalmers decisions.

In our opinion the trial court correctly applied the law to the facts and did not err in granting defendants' motion for directed verdict on the issue of negligence.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.