475 P.2d 964

Janice C. LUNT, surviving widow of Marvin V. Lunt, deceased, Appellant,

v.

BRADY MANUFACTURING CORP., a corporation, Boyce H. Lines and Carol Lines, husband and wife, dba the Lines Company, Appellees.

No. 2 CA–CIV 749.

Court of Appeals of Arizona, Division 2.

Nov. 2, 1970.

Rehearing Denied Dec. 2, 1970.

Review Denied Feb. 2, 1971.

Lesher & Scruggs, P. C., by Robert O. Lesher, Tucson, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Killingsworth & James A. Teilborg, Phoenix, for appellees.

HOWARD, Chief Judge.

This is an appeal by plaintiff from a jury verdict for defendants in the Superior Court of Greenlee County, State of Arizona.

This action for wrongful death was brought in the lower court by decedent's wife against both the distributor and the manufacturer of a "crop-chopper." The case was based on strict liability in tort.

The plaintiff claims that two instructions were given erroneously and prejudicially.

On February 1, 1966, defendant Lines Company, a retail distributor of farm machinery, delivered a model 606 TC Multi-Crop Chopper to the Lunt farm. This machine was manufactured by the other defendant, Brady Manufacturing Company, of Des Moines, Iowa. The purpose of the machine was, among other things, to chop and shred cotton stalks after the crop had been picked. The machine was brought to the farm in order that the Lunts might try it and observe its workings. The machine was connected to the back of a tractor. Marvin Lunt, the decedent, then drove the tractor down a field pulling the chopper. The tractor stopped after some distance and decedent was found sitting unconscious on the tractor. Later that evening he died. The cause of death was a small piece of wire which had entered just below his left eye and lodged in his brain.

The machine which allegedly was the cause of Marvin Lunt's death operated on a flail principle in that it had a rotary drum with steel blades which revolved in a clockwise direction toward the tractor. Plaintiff claimed the design of the machine was defective in such a way as to create a hazard to persons in the vicinity. It was also alleged the machine was defectively made so that the features of its design intended to provide safety for such persons did not in fact do so. Plaintiff claimed that as a result of these defects the chopper had picked up some wire and thrown a small piece of it forward causing the death of Mr. Lunt.

The first instruction plaintiff objected to was instruction 11 which read:

"You are instructed that the mere fact that an accident happened does not raise an inference that the machine manufactured by the Brady Mfg. Co. was defective at the time of the accident. You are instructed that before the plaintiffs can recover from the defendant the plaintiffs have the burden of proving by a preponderance of the evidence:

1. That the machine *was unreasonably dangerous in that it created an unreasonable risk of harm to others, that is, that it failed to guard against dangers reasonably to be foreseen, and was thus defective;*

2. That such a defective condition was the proximate cause of death of Marvin Lunt, that is, that but for such defect the death would not have occurred; and

3. That the plaintiffs have been damaged thereby." (Emphasis added)

The plaintiff contends this instruction is based on a negligence standard rather than strict liability. The defendants contend, on the other hand, that the instruction is proper since: (1) Strict liability has not circumvented the "fault" concept; (2) the manufacturer does not have a duty to manufacture a fool-proof, accident proof product; (3) liability is based on a "standard of safety" which is to be equated with the "standard of the act"; (4) the duty of manufacturers is dependent upon such matters as the "orbit of risk" and "foreseeability of the risk of harm"; (5) an instruction is not prejudicially erroneous if it is merely inartfully drawn.

Arizona follows the Restatement (Second) of Torts § 402A (1965). See Morrow v. Trailmobile, Inc., 12 Ariz.App. 578, 473 P.2d 780 (1970) and cases cited therein. This section states:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) *the seller has exercised all possible care in the preparation and sale of his product, and*

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." (Emphasis added)

■ We note first that the plaintiff relied on both a manufacturing defect and a design defect. Strict liability includes injuries which arise from defects in manufacture. Wright v. Massey-Harris, Inc., 68 Ill.App.2d 70, 215 N.E.2d 465 (1966). c. f. Morrow v. Trailmobile, Inc., supra; Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049 (1962).

■ Turning our attention to the instruction, we agree that strict liability cannot be equated with absolute liability, i. e., that the occurrence of an accident does not per se make the seller liable. Morrow v. Trailmobile, Inc., supra; Maas v. Dreher, 10 Ariz.App. 520, 460 P.2d 191 (1969). The seller's liability is predicated upon the product being in a defective condition unreasonably dangerous to the user or consumer. The instruction read by the court to the jury states that a machine is "defective" and "unreasonably dangerous" if it fails to "guard against dangers reasonably to be foreseen."

■ We believe this portion of the instruction is prejudicially erroneous. It focuses on the conduct of the seller rather than on the product and the expectations of the consumer as is required by the Restatement (Second) of Torts § 402A, comment i. This section states that an article is unreasonably dangerous when it is "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." This foregoing explanation of the term "unreasonably dangerous"

was adopted in Maas v. Dreher, supra. The definition emphasizes the unexpected dangers of the product from the viewpoint of the consumer and user. Traynor, The Ways and Meanings of Defective Products and Strict Liability, 32 Tenn.L.Rev. 363 at 370 (1965). Sanctification by this court of the defendants' instruction would be tantamount to approving their "state of the art" argument which we previously rejected in Wagner v. Coronet Hotel, 10 Ariz.App. 296, 458 P.2d 390 (1969) and reject now.

■ Also we fail to agree that strict liability has not circumvented the "fault concept." The Restatement clearly makes the vendor liable although he has "exercised all possible care in the preparation and sale of his product." It does not matter that the seller has done "the best he can" if the product is defective and unreasonably dangerous.

■ Defendants claim the instruction was not prejudicial because one of plaintiff's instructions was granted which did state the law as plaintiff saw it. The instruction complained of is still prejudicial because the two conflicting instructions are inconsistent and therefore confusing to the jury. Glenn v. Chenowth, 71 Ariz. 271, 226 P.2d 165 (1951); Fitch v. LeBeau, 1 Cal.App.3d 320, 81 Cal.Rptr. 722 (1969).

Defendants' instruction 11 was not merely inartfully drawn, it was erroneous and the plaintiff properly objected to it.

Plaintiff further complains that instruction 15 was erroneous because it allegedly charged the jury with matters of fact or commented on them in violation of the Constitution of Arizona, Article 6, Section 27, A.R.S.

Instruction 15 reads as follows:

*"If a defect occurred in the machine subsequent to the accident by handling the same in a manner not intended, you are instructed that this does not prove that*

*a defect existed at the time of the accident."* (Emphasis added)

The plaintiff contends it is improper for the court to instruct the jury on what the evidence proves or does not prove. Although we agree with plaintiff's general statement of the law, we do not agree that it applies to this case. Instruction 15 is merely a paraphrasing of Restatement (Second) of Torts § 402A, comments g and h. These comments state that a product is not in a defective condition if it is safe when handled normally and the seller is not liable when he delivers the product in a safe condition and subsequent mishandling makes it harmful.

The judgment is reversed and the cause is remanded for new trial.

HATHAWAY and KRUCKER, JJ., concur.