**Guylene HARDY, Appellant,**

v.

**HULL CORPORATION, Appellee.**

**No. 25576.**

United States Court of Appeals,
Ninth Circuit.

July 30, 1971.

Rehearing Denied Aug. 16, 1971.

Lester Engeler, U. S. Atty., Canal Zone (argued), for appellant.

James W. Hill (argued), of Shimmel, Hill & Bishop, P. C., Phoenix, Ariz., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM:

This is an appeal from a directed verdict rendered in favor of Hull Corporation, the manufacturer of a mold press sold by Hull to Motorola, Inc., appellant's employer. Appellant was working the press when injured, at which time her thumbs were burned and crushed after insertion in the heated press while it was in operation. Appellant urges the press was defectively designed, and relies on negligence, strict liability, and implied warranty. We *affirm* the directed verdict.

At the time the press was purchased by Motorola, Inc., safety gates were available for the press, but were not purchased by Motorola. Molds for use in the machine were similarly available, but Motorola chose to make and use its own. There were in evidence facts on which the trial court concluded Motorola had made modifications in the machine itself after purchase, during the five years it owned and operated it. Appel-

lant and all other employees had been instructed that if anything went wrong with the operation of the press, to stand back and call the operator's supervisor. These instructions were not followed by the plaintiff in this case.

■ We need not delve into the questions of whether appellant was guilty of contributory negligence, or assumed the risk involved. Nor need we discuss any problems of warranty, as a basis for products liability, inasmuch as liability can properly rest on tort, rather than contract law, and thus avoid the complications of privity, or the lack of it. *Cf.* Bailey v. Montgomery Ward & Co., 6 Ariz.App. 213, 431 P.2d 108, 110–112; (1967); Prosser, 69 Yale Law Journal, 1099, 1134 (1960).

■ Under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we are bound by the law of the forum state in diversity cases, of which this is one. "Strict Tort Liability", as set forth in § 402A of the Restatement of Torts (Second) (1965) is applicable in Arizona. (O. S. Stapley Co. v. Miller, 103 Ariz. 556, 447 P.2d 248 (1968)). Section 402A provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

The Arizona law was further set forth relatively recently in Maas v. Dreher, 10 Ariz.App. 520, 460 P.2d 191 (1969), rev. denied by Arizona Supreme Court (1970), which points out that "strict liability" does not mean "absolute liability," (*id.* at 192) (citing and relying upon Campo v. Scofield, 301 N.Y. 468; 95 N.E.2d 802 (1950), and interpreting Stapley v. Miller, *supra,* and § 402A of the Restatement (Second)), and said:

"As previously stated herein, one of the elements which *plaintiff* must prove to establish a cause of action in strict liability is that the product was 'in a defective condition unreasonably dangerous.' This is determined by an objective test, not by the particular plaintiff's subjective appreciation of danger. As stated in the Restatement (Second) of Torts, Sec. 402A, comment *i* at 352 (1965):

'The article sold must be dangerous to an extent beyond that which would be contemplated by the *ordinary consumer* who purchases it, with the *ordinary knowledge common to the community* as to its characteristics. (Emphasis supplied)' in original.

\* \* \* \* \* \*

Applying the above stated principles to the evidence before the trial court, and considering that evidence in the strongest light in plaintiff's favor, we are of the opinion that plaintiff has completely failed to establish a cause of action in strict tort liability against any of the defendants."

(*id.* at 194)

\* \* \* \* \* \*

"In our opinion the trial court correctly applied the law to the facts and did not err in granting defendant's motion for a directed verdict on the issue of negligence."

(*id.* at 195)

■ There was no credible evidence presented by appellant which satisfied her burden to prove the press, as it was originally sold, was in a defective condition, or was unreasonably dangerous.

The evidence disclosed that the press had been modified from its original condition by Motorola, Inc., after its purchase, and that such modifications made it dangerous.

See: Morrow v. Trailmobile, Inc., 12 Ariz.App. 578, 473 P.2d 780, 784–785 (1970).

The case of Elder v. Crawley Book Machinery Co., 441 F.2d 771 (3rd Cir., decided March 1, 1971) relied on by appellant, is not persuasive, as it considers only the interpretation of the word "voluntary," and its relation, as one of plaintiff's acts, to the doctrine of assumption of risk. *Elder* itself points out (441 F.2d at p. 773, note 2) that Bartkewich v. Billinger, 432 Pa. 351, 247 A.2d 603, is a case where "the plaintiff failed to prove that the machine was dangerously defective", just as that proof was lacking here, and just as it existed in *Elder*.

Affirmed.