HOWES, by his guardian ad litem and another, Appellants, v. DEERE & COMPANY, Respondent.*

*No. 550 (1974). Argued January 5, 1976.—Decided February 3, 1976.*
(Also reported in 238 N. W. 2d 76.)

* Motion for rehearing denied, with costs, on April 7, 1976.

For the appellants there was a brief by *Braden & Olson* of Lake Geneva, and oral argument by *John Olson* of *Braden & Olson.*

For the respondent there was a brief by *David J. Cannon, Andrew O. Riteris, Gordon K. Miller* and *Michael, Best & Friedrich,* all of Milwaukee, and oral argument by *David J. Cannon.*

There was a brief amicus curiae for Wisconsin Academy of Trial Lawyers by *Habush, Gillick, Habush, Davis & Murphy* of Milwaukee.

CONNOR T. HANSEN, J. The facts pertinent to this case are set forth in *Howes v. Hansen* (1972), 56 Wis. 2d 247, 250, 201 N. W. 2d 825. Following the accident an amended complaint was filed alleging negligence on the part of Mark Hansen, Martin Hansen, Fred Schatzman and Naomi Schatzman, mother of Fred and lessor of the premises encompassing the Howes' residence and yard. The complaint also alleged strict liability in tort and negligence attributable to defendant, Deere & Company. Deere & Company demurred, the demurrer was denied, and defendant appealed from that denial. This court affirmed the lower court order in *Howes v. Hansen, supra.*

All of the original defendants, with the exception of Deere & Company, settled out of court and plaintiffs executed releases as to those defendants, pursuant to *Pierringer v. Hoger* (1963), 21 Wis. 2d 182, 124 N. W. 2d 106. An amended complaint, omitting the causes of action relating to the settling defendants, was filed on January 29, 1974. Deere & Company (hereinafter defendant) instituted an action against Betty Howes, as third-party defendant, alleging that her negligence was the proximate cause of the injuries sustained by her son, and demanding judgment against her for all sums adjudged against defendant in favor of plaintiffs. Issue was properly joined by all parties and the case was tried before a jury.

Plaintiff's amended complaint, at paragraphs 16 and 17 alleges negligence attributable to defendant in the following respects:

"(16) That the defendant John Deere was negligent in that:

"(a) It designed and manufactured a defective riding mower in that the rotating blade was insufficiently guarded and in that the blades extended an unsafe distance beyond the outside of the wheels.

"(b) It invited and encouraged, through its advertizing [sic], the operation of the riding mower by minors of such an age that it knew or should have known would be incompetent to operate said mower.

"(c) It failed to warn that children should not operate said mower and of its inherent dangers.

"(d) It failed to equip its tractor mower with a rear-view mirror.

"(17) That the negligent acts and conduct of the defendant Deere & Company were a proximate cause of the accident heretofore described and of the plaintiffs' injuries and damages."

The plaintiffs allege the following to establish an action based on strict liability in tort or negligence per se as we have denominated it:

"(18) That the John Deere Riding Mower, Model 110, Tractor Serial No. 067915M, manufactured and designed by the defendant John Deere, was defective and unreasonably dangerous in that the guards were insufficient and in that the blades extended an unsafe distance beyond the outside of the wheels, and no rearview mirror was provided."

Thus, plaintiffs ground their negligence allegations upon the conduct of the defendant in its design process, as well as its failure to warn of inherent dangers, while the strict liability allegations are addressed to the actual allegedly defective condition of the product.

At the close of the trial, the court directed the plaintiffs to elect between one of the two theories of liability stated in the complaint. The plaintiffs indicated a preference for the theory of strict liability in tort, but submitted proposed special verdict questions, and attendant instructions, covering both theories, which proposal was denied in part. The final form of the special jury verdict question on liability of the defendant was phrased as follows:

"Was the John Deere mower in question, when it left the possession of the manufacturer, Deere & Company, defective in design so as to be unreasonably dangerous to a bystander?"

The jury found that the defendant was not liable, and set damages to Richie, the injured child, in the amount of

$60,000, plus $7,000 for future medical, hospital and prosthetic expenses.

The plaintiffs allege several errors which they contend constitute grounds for reversal. There is only one which in our opinion mandates reversal. It relates to the fact that the trial court, following the presentation of proof to the jury, required the plaintiffs to elect whether the form of the special verdict and attendant instructions be submitted in terms of strict liability in tort or negligence. The decision of the trial court indicates that it arrived at the conclusion based upon its interpretation of *Dippel v. Sciano* (1967), 37 Wis. 2d 443, 155 N. W. 2d 55. If such an inference can be drawn from the *Dippel* decision, it was not so intended. We here declare that when two grounds of negligence are alleged it does not categorically follow that the plaintiff must always elect one of the two grounds of negligence for submission to the jury.

Generally in an action founded upon negligence, the final selection of special verdict questions and appropriate instructions must await the conclusion of the proof in the case. This is especially so when the negligence per se doctrine as formulated in Wisconsin comparative negligence law from sec. 402A, Restatement[1] in *Dippel, supra,* and common law negligence are both properly pleaded. It may be appropriate to submit only one question, or it may be desirable to submit a question on each issue. The decision must be on a case-by-case basis and at the time of trial. The brief of amicus curiae also suggests that we decide whether the jury should be required to answer the negligence question before approaching the negligence per se question. At this stage in the development of the law in this state relating to special liability of the seller, we decline to do so.

In the instant case, the plaintiffs made proper motions for submission of both questions. The reason for rever-

[1] 402A Restatement, 2 *Torts* 2d, pp. 347, 348.

sal in this case is that, based upon interpretation of prior case law, the trial court concluded that the plaintiffs must make an election to have one or the other question submitted. This is not an either-or situation requiring the plaintiffs to make the decision. The decision as to whether to submit one question or two questions, and the order of submission in the event of two questions is to be made by the trial judge in each case. The reason it might be appropriate to submit both questions on occasion is that the liability imposed in a negligence per se case is not based upon a failure to exercise ordinary care with its necessary element of foreseeability, both common elements of an ordinary negligence case, *Dippel, supra,* p. 461.

We feel compelled to again emphasize that the term "strict liability" is a very limited concept in relation to the negligence per se doctrine in this state. From the standpoint of the plaintiffs, the most beneficial aspects of the doctrine are to relieve him of proving specific acts of negligence on the part of the manufacturer and seller and to also eliminate the defenses of notice of breach, disclaimer and lack of privity in the implied warranty concepts of sales and contracts, *Dippel, supra,* p. 460; *Greiten v. La Dow* (1975), 70 Wis. 2d 589, 235 N. W. 2d 677, 683.

We have pointed out a number of times that although the term "liability" or "strict liability" is used in referring to the negligence per se doctrine, the use of the terms does not make the manufacturer or seller an insurer, nor does it impose absolute liability. It has been suggested that it is inconsistent to say that a seller or manufacturer is liable but not an insurer. Perhaps a literal use of the words would lead to this conclusion, but this is not so under our concept of comparative negligence. Among other things, the plaintiffs must prove that the defect was a cause (a substantial factor) of the plaintiffs'

injuries or damages. *Dippel, supra,* p. 460; *Arbet v. Gussarson* (1975), 66 Wis. 2d 551, 557, 225 N. W. 2d 431. Other defenses are also available, including contributory negligence, both on the part of the plaintiff, *Schuh v. Fox River Tractor Co.* (1964), 63 Wis. 2d 728, 218 N. W. 2d 279; and other possible tortfeasors, *Arbet v. Gussarson, supra; Powers v. Hunt-Wesson Foods, Inc.* (1974), 64 Wis. 2d 532, 537, 219 N. W. 2d 393.[2] In the instant case in *Howes v. Hansen, supra,* we held the facts alleged against third party defendant, Betty Howes, stated a cause of action under *Goller v. White* (1963), 20 Wis. 2d 402, 122 N. W. 2d 193, and was not demurrable.

It may be that some of the difficulty in distinguishing between the elements encompassed in the common-law negligence rule and the negligence per se doctrine are attributable to the opinions of this court. The opinion in *Vincer v. Esther Wms. All-Alum. S. Pool Co.* (1975), 69 Wis. 2d 326, 230 N. W. 2d 794, contains the following statement at page 330:

". . . However, even under negligence law, the plaintiff still must prove that the product causing the injury was dangerous and defective."

The statement is not relevant to the ultimate decision in the case and is herewith withdrawn. Also, in *Greiten v. La Dow, supra,* we observe the opinion of Mr. Justice HEFFERNAN is identified as a concurring opinion and refers to the conclusion of the "majority." The opinion, in fact, represents the decision of a majority of the court and it is, therefore, the opinion of this court. The opinion of Mr. Justice ROBERT W. HANSEN is the concurring opinion.

---

[2] *See:* fn. 1, concurring opinion *Greiten v. La Dow, supra.* We concur with the statements therein contained relating to the inadvertent revival, by dicta, of the issue of exercise of ordinary care in negligence per se cases in *Powers v. Hunt-Wesson Foods, Inc., supra,* and *Arbet v. Gussarson, supra.*

*Greiten v. La Dow, supra,* emphasizes that when the claim is based upon negligence, it is necessary to prove what the seller or manufacturer did or did not do; that there was a breach of the duty of ordinary care and that the element of foreseeability was encompassed as an element of proof. It was also pointed out if such proof demonstrated a defective condition unreasonably dangerous to the user or consumer, the product might well fall within the negligence per se doctrine of *Dippel, supra.*

*Greiten* also refers to Comment *a* to sec. 402A of Restatement, 2 *Torts* 2d, page 348, wherein it states:

"The rule stated here is not exclusive, and does not preclude liability based upon the alternative ground of negligence of the seller, where such negligence can be proved."

*Greiten, supra,* exhaustively discusses the distinction between negligence and the negligence per se doctrine. Because of its recent origin, it is unnecessary to repeat or further discuss the issue in this opinion. We conclude that the trial court erroneously applied the law in that it considered the issues of negligence were precluded by the submission of the case to the jury on the negligence per se doctrine and in requiring the plaintiffs to make an election.

The plaintiffs also allege error in that:

(1) The verdict should have differentiated between the mower and the tractor.

(2) Verdict questions as to the negligence of Mark Hansen, Martin Hansen and Fred Schatzman should not have been submitted to the jury.

(3) Plaintiffs' motion to dismiss the action against Betty Howes should have been granted.

(4) The defendant should have been found negligent as a matter of law because of the allegedly inadequate warning against operation of the machine by children.

(5) The verdict was perverse because of inadequate damages.

We have fully considered each of these alleged errors. It is our conclusion that the trial court did not commit prejudicial error in its disposition of any of them.

*By the Court.*—Judgment and order reversed and cause remanded for a new trial.