**Dale SCHULDIES, Plaintiff,**

v.

**SERVICE MACHINE COMPANY, INC., a/k/a Rousselle Corporation, Linemaster Switch Corporation and Louisville Machinery Sales, Inc., Defendants.**

**No. 72–C–619.**

United States District Court,
E. D. Wisconsin.

April 6, 1978.

John M. Swietlik and Jeffrey A. Schmeckpeper, Kasdorf, Dall, Lewis & Swietlik, Milwaukee, Wis., for plaintiff.

Robert A. Slattery, Frisch, Dudek & Slattery, Milwaukee, Wis., for Service Mach. Co.

Walter L. Merten, Merten, Connell & Sisolak, Milwaukee, Wis., for Linemaster Switch Corp.

Robert E. Cook, Cook & Franke, Milwaukee, Wis., for Louisville Machinery Sales.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This personal injury action was brought by the plaintiff Dale Schuldies on a theory of negligence and of strict liability. The plaintiff, an injured factory worker, recovered a jury verdict against the defendant, Service Machine Co., Inc., a/k/a Rousselle Corporation, the manufacturer of the punch press. The jury found that the defendant, Service Machine, was 25 percent negligent, that plaintiff's employer, E. R. Wagner Manufacturing Co., was 70 percent negligent, and that the plaintiff was five percent contributorily negligent. Damages totaling $338,606.06 were awarded. Federal diversity jurisdiction is established. The governing law in this case is the law of Wisconsin, the state wherein the accident occurred.

This case is presently before the Court on post-trial motions filed by the defendants Service Machine Co. and Linemaster Switch Corp. Defendant Linemaster has renewed its motion for a directed verdict. The jury found no liability on the part of Linemaster under either of plaintiff's theories.

Defendant Service Machine seeks, alternatively, the entry of judgment in accord-

ance with defendant's motion for a directed verdict, judgment notwithstanding the verdict, a new trial, or entry of judgment reducing the sum plaintiff can recover of this defendant. In addition, defendant seeks the entry of judgment notwithstanding the verdict with respect to the damages awarded by the jury. These motions are the subject of this memorandum and order.

The basic facts of this case show that the plaintiff had been employed as an apprentice tool and die maker at the E. R. Wagner Manufacturing Co. for almost four years when the accident, which is the subject of this litigation, occurred. The accident happened on January 30, 1970 in the punch press department while the plaintiff was removing a die shoe from a Rousselle Service Machine punch press. The foot switch that was in use at the time of the accident was manufactured by the defendant Linemaster Switch Corp. The defendant Louisville Machinery Sales, Inc., as a dealer for defendant Service Machine, sold the punch press with foot switch which was involved in this action, to defendant E. R. Wagner Manufacturing Co. in 1967.

According to the company's safety committee report filed after the accident, the plaintiff accidentally stepped on the pedal of the machine and his hand was caught between the crosshead and die. The machine had not been shut off when the accident occurred.

In its motion for judgment notwithstanding the verdict, the defendant Service Machine contends that the jury verdict is inconsistent and not supported by the greater weight of the evidence in that the jury found that the product, the punch press with the foot switch, was not "in such defective condition as to be unreasonably dangerous to a prospective user," while also finding that the defendant was "negligent in the manner in which it designed, constructed, and equipped the punch press with the foot switch." The jury found that such negligence was a cause of plaintiff's injury.

▮ The standards for granting a motion for judgment notwithstanding verdict

are the same as those for granting a directed verdict. The motion may only be granted when, without weighing the credibility of the evidence, there can be only one reasonable conclusion as to the proper judgment. If the evidence is such that reasonable persons, in a fair and impartial exercise of their judgment, may draw different conclusions therefrom, the motion must be denied. *Hannigan v. Sears, Roebuck and Co.*, 410 F.2d 285 (7th Cir. 1969); *cert. denied.*

▮ In Wisconsin, as elsewhere, a person is negligent when he fails to exercise that degree of care, usually designated, "ordinary care," which a person of ordinary prudence would exercise under the same or similar circumstances. *Osborne v. Montgomery*, 203 Wis. 223, 234 N.W. 372 (1931). A person fails to exercise ordinary care when, without intending to do any wrong, he does an act or omits a precaution under circumstances in which a person of ordinary intelligence and prudence ought reasonably to foresee that such act or omission will subject the interests of another to an unreasonable risk of harm. *Id.*

As the Court stated in *Osborne*:

If risk of harm cannot be foreseen by a reasonably prudent and intelligent man, the risk is not unreasonable, hence there is no negligence, consequently no liability. *Id.* at 236, 234 N.W. at 377.

Thus, in a negligence action, the failure to exercise ordinary care constitutes a breach of duty and, if harm is caused by that breach of duty, liability results. *Greiten v. La Dow*, 70 Wis.2d 589, 235 N.W.2d 677 (1975).

▮ In an action based on strict liability in tort, the plaintiff must prove: (1) that the product was in a defective condition when it left the possession or the control of the seller, (2) that it was unreasonably dangerous to the user, (3) that the defect was a cause of the plaintiff's injuries or damages, (4) that the seller engaged in the business of selling such product, and (5) that the product was one which the seller expected

to and did reach the user without substantial change in the condition it was in when it was sold. *Dippel v. Sciano*, 37 Wis.2d 443, 155 N.W.2d 55 (1967).

■ From the plaintiff's standpoint, the most beneficial aspects of this doctrine are that it relieves the plaintiff of proving specific acts of negligence on the part of the manufacturer and seller and eliminates the defenses of notice of breach, disclaimer and lack of privity in the implied warranty concepts of sales and contracts. *Howes v. Deere & Company*, 71 Wis.2d 268, 238 N.W.2d 76 (1975); *Dippel v. Sciano, supra.*

■ In a strict liability action, the focus is on the condition of the product. The conduct of the seller is basically irrelevant since the seller is liable even though he has exercised all possible care in the preparation and sale of the product. *Dippel v. Sciano, supra, Restatement of the Law*, Torts 2d, § 402A and comments. It is enough to prove that, irrespective of due care, the product caused harm because of its dangerously defective nature. *Id.*

■ In a negligence action, the focus is on whether or not the conduct of the person was such as to create an unreasonable risk of harm to another. *Osborne v. Montgomery, supra.* The plaintiff must prove that the defendant's conduct was below the standard of the "reasonable person."

In *Greiten v. La Dow, supra*, a negligence action alleging a defect in design of a retractable board holder, the Wisconsin court set forth its views on the distinction between strict liability and negligence. What is listed as the concurring opinion in that case, is in actuality, the decision of a majority of the court. *See Howes v. Deere & Company*, 71 Wis.2d 268, 274, 238 N.W.2d 76 (1975).

In *Greiten* the court stated:

Where a plaintiff proves negligence—in this case, the lack of ordinary care in the design of a product—there is no doubt that there may be recovery in the event the defective design results in an unreasonably dangerous product, but there may be recovery for the negligent design of a product even though it is not unreasonably dangerous in the 402A sense. All that it is necessary to prove is that the product is designed with a lack of ordinary care and that lack of care resulted in injury. No test of negligence has been called to the attention of this writer that requires that the product be unreasonably dangerous in order to predicate liability. The use of that and similar terms was laid to rest in *Smith v. Atco,* when we discarded the term '*inherently dangerous.*'

■ In this case, the defendant Service Machine argues that there can be no recovery in a products liability case where the jury has found that a product was safe. What the jury, in fact, found was that the punch press with the foot switch was not "in such a defective condition as to be unreasonably dangerous to a prospective user." This is not necessarily the same as saying the jury found the product safe. The jury also found that the defendant Service Machine was negligent in the manner in which it designed, constructed and equipped this machine.

This result is not inconsistent with Wisconsin law as enunciated in *Greiten v. La Dow, supra*, and *Howes v. Deere & Company, supra.*

In stating in *Greiten* that a plaintiff may recover for the negligent design of a product even though it is not unreasonably dangerous in the strict liability sense, the court seems to have been concerned with the connotation of the term, "unreasonably dangerous." In *Greiten,* the court quoted approvingly from the *Smith* decision:

If a manufacturer or supplier is hereafter to be relieved of liability as a matter of law by the courts, such result should be reached on the basis there was no causal negligence established against the defendant rather than that the product was not inherently dangerous. 70 Wis.2d at 604, 235 N.W.2d at 686, quoting *Smith*

*v. Atco Co.,* 6 Wis.2d 371, 383–4, 94 N.W.2d 697 (1959).

Apparently, the Wisconsin court did not want to impose a requirement that a plaintiff in an action for negligent design of a product prove some type of special or extraordinary danger. The court wished to maintain a distinction between the proof required in this regard in a negligence action as opposed to one based on a strict liability theory.

██ Because this is a diversity action, this Court is bound to follow the law of Wisconsin. Accordingly, in light of the foregoing, this Court finds that the jury's verdict is not inconsistent. Defendant Service Machine's motions for a directed verdict and for judgment notwithstanding the verdict on this issue must be and are hereby denied.

Defendant Linemaster's renewed motion for a directed verdict is also denied.

Defendant Service Machine also contends that the entry of judgment for $338,606.06 against the defendant is both inequitable and an unconstitutional interpretation of Wisconsin law in that this defendant must pay 95 percent of the damage verdict even though it was found to be only 25 percent at fault.

Wisconsin Worker's Compensation Act, provides in relevant part in § 102.03(2) that:

. . . the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the Worker's Compensation insurance carrier.

██ The Wisconsin Supreme Court has held on numerous occasions that a negligent third party who is held liable to an injured employee cannot require contribution from the employer even though the employer is found negligent. This holding is based upon the proposition that the sole liability of the employer to the employee is his liability under the compensation act. There is no common liability of the employer and the third party to the injured employee even though their concurring negligence caused the injury. *Wisconsin Power & Light Co. v. Dean,* 275 Wis. 236, 81 N.W.2d 486 (1956); *Buggs v. Wolff,* 201 Wis. 533, 230 N.W. 621 (1930). Further, in the absence of an express agreement for indemnification, this 'exclusive remedy' provision bars any action for indemnity against a third party defendant-employer. *Lampada v. State Sand & Gravel Co.,* 58 Wis.2d 315, 206 N.W.2d 138 (1973); *Engel v. Bindel,* 27 Wis.2d 456, 134 N.W.2d 404 (1965).

The federal courts, in applying Wisconsin law in similar situations, have reached the same results. *See e. g., Prucha v. M & N Modern Hydraulic Press Co.,* Civil Case No. 74–C–377 (E.D.Wis. Jan. 6, 1978); *Herman v. United States,* 382 F.Supp. 818 (E.D.Wis. 1974).

██ It is also well-settled in Wisconsin that a plaintiff has a right to recover against any defendant tortfeasor, the total amount of his damage to which he is entitled. *Bielski v. Schulze,* 16 Wis.2d 1, 114 N.W.2d 105 (1962).

This Court realizes that this is not a true joint-tortfeasor situation. The employer is shielded by law from any possibility of contribution, and once it has paid its worker's compensation benefits, it has no liability to the plaintiff and is not a joint-tortfeasor.

In this action, the defendant Service Machine basically wants this Court to reduce the damage verdict to reflect the fact that it was found only 25 percent negligent. Rather than directly seeking contribution from the defendant employer, the defendant Service Machine would have this Court reduce the amount it has to pay the plaintiff. The effect on the defendant would be the same as if contribution were allowed. The defendant would achieve indirectly what could not be achieved directly in light of Wisconsin caselaw.

To do as this defendant requests would run counter to the intent and purpose of the Worker's Compensation Act as expressed in the Act and relevant Wisconsin caselaw. In this action, Wisconsin law must be followed by this Court.

■ Therefore, this Court finds that defendant Service Machine's motion to set aside the present judgment and enter judgment against this defendant in the reduced amount of $89,106.86, must be and is hereby denied.

The defendant Service Machine has also moved for a new trial pursuant to Federal Rules of Civil Procedure 50 and 59 on the following grounds:

(a) That the Court improperly admitted evidence as to post-manufacture modifications and subsequent remedial measures involving both the punch press and the foot switch, contrary to Rule 407 of the Federal Rules of Evidence;

(b) That the Court properly excluded Exhibits 231 and 232 from evidence, and then improperly allowed counsel to interrogate as to the contents of those documents by way of cross examination as to what they said;

(c) That the Court failed to give appropriate jury instructions as requested in writing by this defendant;

(d) That the Court gave inappropriate jury instructions objected to of record by this defendant;

(e) That the Court submitted an improper, redundant and duplicitous form of special verdict.

With respect to the allegation of improperly admitted evidence, Rule 407 of the Federal Rules of Evidence provides:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

■ This Court has reviewed this issue and finds that the Court did not err in admitting evidence of certain post-manufacture modifications and subsequent reme-dial measures undertaken by defendant involving the punch press and the foot switch.

The Court also finds that its rulings with respect to Exhibits 231 and 232 were not in error and, therefore, defendant is not entitled to a new trial on this ground.

With respect to objections to the jury instructions given by the Court, this Court has thoroughly examined these instructions and has analyzed relevant Wisconsin caselaw. The Court finds that the instructions given were not incorrect or inappropriate. They accurately set forth the Wisconsin law to be applied to the facts of this particular case.

Similarly, the verdict form was not inconsistent nor duplicitous based on this Court's analysis of Wisconsin caselaw.

Accordingly, the Court holds that defendant Service Machine's motion for a new trial on the grounds previously mentioned must be and is hereby denied.

■ In its final motion, defendant Service Machine asks this Court to set aside the judgment and enter judgment notwithstanding the verdict with respect to the amount of damages awarded by the jury. Defendant contends that the jury's award of $225,000 for past and future loss of earnings and earning capacity and its award of $125,000 for past and future pain, suffering and disability are duplicitous and unreasonably excessive.

At the trial, plaintiff presented testimony to the effect that his future loss of earning capacity was in excess of $300,000. Evidence of a past wage loss in excess of $37,000 was presented. One doctor testified that the plaintiff underwent surgery on three separate occasions and was under treatment for about one year as a result of the accident.

The plaintiff testified about the excruciating pain he sustained at the time of the accident and his problems after that time.

In light of the evidence presented, the Court finds that the jury's award of damages in this action is not excessive and need not be reduced by this Court.

In summary, defendant Linemaster Switch Corporation's motion for a directed verdict is denied.

The motions of defendant Service Machine Co., Inc. for a directed verdict, for judgment notwithstanding the verdict, and for a new trial are denied. Defendant Service Machine's motions for judgment notwithstanding the verdict on the damage issue and for the entry of judgment on a reduced damage amount are also denied.