163 N.J. Super. 292 (1978)
394 A.2d 888
VINCENT MASI AND CAROLINE MASI, PLAINTIFFS-APPELLANTS,
v.
R.A. JONES CO., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 5, 1978.
Decided October 31, 1978.
*293 Before Judges HALPERN, ARD and ANTELL.
Messrs. Baer, Arbeiter & Pribish, attorneys for appellants (Mr. David Robinson on the brief).
Messrs. Morgan, Melhuish, Monaghan & Spielvogel, attorneys for respondent (Mr. James L. Melhuish, of counsel and on the brief).
PER CURIAM.
Plaintiff, Vincent Masi, an employee at Personal Products Co., sustained injuries while working on a machine known as the "Jones Constant Motion Cartoner" manufactured by defendant, R.A. Jones Co. His wife sues per quod.
Plaintiffs' complaint is sounded in strict liability and negligence. The matter was tried on the issue of liability only and resulted in a unanimous verdict in favor of defendant.
*294 On appeal plaintiffs urge:
Point 1 The court erred in submitting the case to the jury on the theory of strict liability in tort only, and not also on question of negligence
Point 2 The court erred in refusing to charge the substance of Bexiga v. Havir, 60 N.J. 402 to the effect that the manufacturer of a machine can't leave the option of guarding to the employer of the injured employee and also under Finnegan v. Havir, 60 N.J. 413
Point 3 The court erred in refusing to charge that negligence need not be proved to hold the defendant liable in strict liability
Point 4 Court erred in refusing to charge that the usual and common meaning is to be given to words where there is no proof of special or technical meaning
Point 5 Court erred in refusing to allow pictures of post guarding, since without said evidence the verdict was based on willful perjury
Point 6 Court erred in statement to jury that court does not sponsor an expert witness
Point 7 Court erred in refusing several requests to charge on question of duty to warn as a matter of law
Point 8 Court erred in charge by repeating legal obligations of the plaintiff in full and not obligation of the defendant
Point 9 Court erred in refusing to charge that the defendant was a specialist in the building of packaging machines and should have a specialist's duty of care
Point 10 Court erred in refusing the charge requested as listed below
Point 11 Court erred in refusing to grant new trial because of mysterious and unfortunate disappearance of the defendant's attorney on morning of summation
Point 12 Court erred in the fact that the entire charge was inadequate and did not cover the law involved, aside from requests to charge refused
Point 13 Court's error in failing to charge concurrent negligence of employer and co-worker does not absolve defendant from liability
Point 14 Court erred in not allowing cross-examination of defendant's expert as to knowledge of field of safety
Although we discuss an aspect of the jury charge, we find insufficient merit to any of these contentions as to require a new trial. R. 2:11-3(e)(1)(E).
The essential argument of plaintiffs is that the form of the trial judge's special verdict was in error because it failed *295 to instruct the jury on both the law of strict liability and negligence with reference to the claims of faulty design and manufacture. The trial judge reasoned that the submission to the jury of the two theories of liability on these two allegations would be confusing. He determined that the circumstances of the case made it unnecessary to charge the jury with respect to negligence. We agree.
The issue of whether a claimant has the right to have both strict liability and negligence go to the jury in the same case has not often been the subject of appeal. In Howes v. Deere & Co., 71 Wis.2d 268, 238 N.W.2d 76 (1976), the Wisconsin Supreme Court held that the trial court erred in requiring the plaintiff to choose between strict liability or negligence before submitting questions to the jury. The court relied primarily upon Greiton v. LaDow, 70 Wis.2d 589, 235 N.W.2d 677 (Sup. Ct. 1975) (concurring opinion actually majority) which attempted to point out the distinction between the two theories and their interaction. However, the Howes court did not hold that plaintiff had the absolute right to always have both theories presented to the jury. Rather, the court stated:
* * * It may be appropriate to submit only one question, or it may be desirable to submit a question on each issue. The decision must be on a case-by-case basis and at the time of trial. [71 Wis.2d at 272, 238 N.W.2d at 79]
In Jiminez v. Sears, Roebuck & Co., 4 Cal.3d 379, 93 Cal. Rptr. 769, 482 P.2d 681 (Sup. Ct. 1971), the court states:
Prior cases of this court have assumed without discussing the point that a plaintiff in a products liability case could seek recovery at the same time on theories of strict liability in tort and in negligence. * * * No valid reason appears to require a plaintiff to elect whether to proceed on the theory of strict liability in tort or on the theory of negligence. It is apparent that in this products liability case instructions on negligence in addition to those on strict liability might have been of great aid to the plaintiff, and we cannot agree with defendants' contention to the contrary.
*296 Nor does it appear that instructions on the two theories will be confusing to the jury. There is nothing inconsistent in instructions on the two theories and to a large extent the two theories parallel and supplement each other. * * * [93 Cal. Rptr. at 774, 482 P.2d at 686; citations and footnote omitted].
Again, the court did not hold that in all instances both instructions must be given, but rather stated "in this case" the two instructions may have helped plaintiff. The fact that the dual instructions are not mandatory is further exemplified in another California case, Cracknell v. Fisher Governor Co., 247 Cal. App.2d 857, 56 Cal. Rptr. 64 (D. Ct. App. 1967), where the court held that giving instructions both as to negligent and strict liability may itself be reversible error for confusing the jury. To the effect that the dual instruction is not mandatory, but rather should be decided on a case-by-case method, see Mather v. Caterpillar Tractor Corp., 23 Ariz. App. 409, 533 P.2d 717 (Ct. App. 1975); Greenland v. Ford Motor Co., Inc., 115 N.H. 564, 347 A.2d 159 (Sup. Ct. 1975); Chestnut v. Ford Motor Co., 445 F.2d 967 (4 Cir., 1971).
The trial judge's conclusion that under the circumstances of this case one could not be held liable under a negligence theory if a jury found no strict liability, is an opinion shared by other jurisdictions. For example, the court in Halvorson v. American Hoist & Derrick Co., 307 Minn. 48, 240 N.W.2d 303 (Sup. Ct. 1976), notes, "the common element in both negligence and strict liability theories of product liability is some kind of dangerous defect rendering the product unreasonably dangerous for its intended use." 240 N.W.2d at 307. The court then goes on to hold:
Based on the above analysis, and under the facts in this case, the jury's findings of no strict liability but 25 percent negligence are inconsistent and irreconcilable. Implicit in the former finding is the conclusion that the crane was not a dangerous, defective product because of the absence of safety devices. Implicit in the latter finding is the contrary conclusion that the crane created an unreasonable risk of harm because of the absence of the same safety devices. These conclusions cannot be reasonably reconciled. If a *297 product is not dangerous and defective in the absence of safety devices, it is not negligence to manufacture it that way. [240 N.W.2d at 307]
Thus, the Halvorson court found that, in the context of the case, one could not be negligent if one did not produce a defective product, unreasonably dangerous.
We are satisfied that the trial judge exercised proper discretion in not instructing the jury on both theories in this case. Failing to charge the jury on the theory of negligence had no capacity for producing an unjust result. The omission of the negligence charge had the effect of holding plaintiff to a lesser burden. More importantly, under the facts of this case, the determination by the jury that defendant was not liable on the theory of strict liability eliminated the possibility that defendant could be guilty of negligence.
Affirmed.